# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| Bailey Ziencik<br><br>Kelly Ziencik<br><br>Pascale Wasson,<br>　　　　　　　　Plaintiffs,<br>　　　v.<br><br>Snap Inc. d/b/a Snapchat,<br>　　　　　　　　Defendant. | Civil Action No. 2:21-cv-49 _____<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. SECTIONS 1332, 1441, AND 1446** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Snap Inc. d/b/a Snapchat ("Snap"), through its counsel, hereby files its Notice of Removal of the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. In support of this Notice, Snap states the following:

### PROCEDURAL REQUIREMENTS FOR REMOVAL

1. This is a purported product liability suit wherein Plaintiffs Bailey Ziencik, Kelly Ziencik, and Pascale Wasson seek monetary damages from Snap for claims relating to materials posted by users of an electronic application produced by Snap. Plaintiffs allege that they faced threats of imminent death or serious bodily injury based on communications sent by third parties using Snap's application, Snapchat, and that they suffered emotional and physical injuries. Plaintiffs attempt to assert sixteen causes of action, including various tort, product liability, and

breach of warranty claims, in addition to a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Laws.

2. On or about December 4, 2020, Plaintiffs filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, where the matter was assigned Case No. GD-20-012327 (the "State Court Action"). True and correct copies of the court record in the State Court Action are attached hereto as Exhibit A.

3. On December 14, 2020, Snap was served with the Complaint in the State Court Action. A true and correct copy of the receipt of service is attached hereto as Exhibit B.

4. On December 18, 2020, Plaintiffs, through counsel, agreed to extend Snap's time to respond to the complaint in the State Court Action to January 25, 2021. A true and correct copy of an email memorializing that agreement is attached hereto as Exhibit C.

5. As of the date of this filing, no additional pleadings, process, or orders have been served upon Snap in the State Court Action.

6. As shown below, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between Plaintiffs and Snap and the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state.").

7. Because Snap is not a Pennsylvania citizen, the forum defendant rule does not bar removal. *See* 28 U.S.C. § 1441(b).

8. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Court of Common Pleas of Allegheny County, where this action was filed, is within the Western District of Pennsylvania. *See* 28 U.S.C. § 110.

9. Snap files this notice of removal less than thirty days after being served with the Complaint. *See* ¶¶ 2-3, *supra*. Thus, this Notice of Removal is filed in a timely manner in accordance with 28 U.S.C. § 1446(b)(1).

10. Pursuant to 28 U.S.C. § 1446(d), Snap will also file written notice of the filing of this Notice of Removal with the Clerk of the Court of Common Pleas in Allegheny County, with a copy to counsel for Plaintiffs: Lee W. Davis, Esquire, Law Offices of Lee W. Davis, Esquire, L.L.C., 5239 Butler Street, Suite 201, Pittsburgh, PA 15201.

11. Pursuant to Federal Rule of Civil Procedure 7.1 and Rule 7.1(A) of the Western District of Pennsylvania Local Civil Rules, two copies of Snap's Corporate Disclosure Statement are attached hereto as Exhibit D.

12. By filing this Notice of Removal, Snap does not waive any jurisdictional or other defenses, objections, or exceptions that may be available. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 131-32 (3d Cir. 2020) (removal does not waive objection to personal jurisdiction); *Lionti v. Dipna, Inc.*, No. CV 17-01678, 2017 WL 2779576, at *2 (E.D. Pa. June 27, 2017) ("Defendants did not waive their ability to contest the Court's exercise of personal jurisdiction over them pursuant to Rule 12(b)(2) by removing the case."). Snap expressly reserves the right to file, at the appropriate time, a motion raising lack of personal jurisdiction over Snap and/or improper venue. Moreover, nothing herein constitutes an admission to any of the allegations in the Complaint.

13. Snap reserves the right to amend or supplement this Notice of Removal.

**DIVERSITY OF CITIZENSHIP**

14. Plaintiff Bailey Ziencik is a Pennsylvania resident, and a citizen of Pennsylvania for purposes of determining subject matter jurisdiction. *See* Ex. B ¶ 1.

15. Plaintiff Kelly Ziencik is a Pennsylvania resident, and a citizen of Pennsylvania for purposes of determining subject matter jurisdiction. *Id.* ¶ 2.

16. Plaintiff Pascale Wasson is a Massachusetts resident, and a citizen of Massachusetts for purposes of determining subject matter jurisdiction. *Id.* ¶ 3.

17. For the purposes of federal jurisdiction, corporations are deemed to be citizens of the States in which they were incorporated and the States in which they have principal places of business. 28 U.S.C. § 1332(c)(1), (d)(10). Defendant Snap is organized and incorporated under the laws of the state of Delaware with its principal place of business in the state of California. Accordingly, Snap is a citizen of Delaware and California—not Pennsylvania.

18. Pursuant to 28 U.S.C. § 1332, because Snap, the only defendant identified in the Complaint, is a citizen of Delaware and California, and Plaintiffs are citizens of Pennsylvania and Massachusetts, there is complete diversity in this action.

**AMOUNT IN CONTROVERSY**[1]

19. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

20. In its Prayer for Relief, the Complaint alleges that each Plaintiff "individually" has "been damaged and claim[s] damages" from Snap "in an amount in *excess* of Thirty Five

---

[1] Because Pennsylvania Rule of Civil Procedure 1021(b) does not permit demands for a specific sum, Snap may assert the amount in controversy in its notice of removal. 28 USC § 1446(c)(2)(A)(ii). Snap denies that any injury occurred and that there is any liability under any of the claims asserted in this action and expressly reserves all arguments and defenses in this regard.

4

Thousands ($35,000.00) Dollars, which is in excess of the arbitration jurisdiction of the Court of Common Pleas of Allegheny County." Compl. Prayer for Relief (emphasis added). Nowhere in the Complaint do Plaintiffs plead that the amount in controversy is *less* than $75,000.

21.   Where, as here, the plaintiff has not specifically pled that the amount in controversy is *less* than $75,000, jurisdiction is proper unless it "appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) (emphasis in original); *see also, e.g., Williams v. GSell Moving & Storage*, No. 08-0066, 2008 WL 282205, at *1–2 (E.D. Pa. Jan. 31, 2008); *Howlett v. Irwin*, No. 10-465, 2011 WL 722373, at *2 (E.D. Pa. Mar. 1, 2011). There is no such "legal certainty" here. Rather, Plaintiffs' allegations make clear that, for jurisdictional purposes, there is a "reasonable probability" that the amount in controversy exceeds $75,000. *Kopko v. Range Res. - Appalachia, LLC*, No. 2:20-CV-00423-MJH, 2020 WL 3496277, at *1 (W.D. Pa. June 29, 2020).

22.   Together, Plaintiffs' various forms of requested relief easily total over $75,000. As the Complaint is based on events that allegedly took place in December 2018, Plaintiffs appear to seek compensation for approximately two years' worth of alleged past harm, and for alleged harm extending indefinitely into the future. *See* Compl. ¶¶ 25, 96. In light of the allegedly "ongoing" injuries, jurisdiction is proper because a jury could award more than $75,000 in such circumstances, particularly in light of Plaintiffs' claims for treble damages, attorney's fees, and punitive damages. *Varzally v. Sears, Roebuck & Co.*, No. 09-CV-6137, 2010 WL 3212482, at *2 (E.D. Pa. July 30, 2010). For instance, a finding of just $25,000 in damages (or $35 a day—or $11.67 per plaintiff per day—for two years) would result in a jury award of over $75,000, even without any award of attorney's fees or punitive damages.

23. Plaintiffs claim to seek "compensation for great suffering and inconvenience, compensation for Plaintiff Bailey Ziencik's and Plaintiff Pascale Wasson's limitation and preclusion from performing normal activities, compensation for great emotional distress, [and] compensation for Plaintiffs' loss of their general health, strength and vitality." Compl. Prayer for Relief. Plaintiffs allege that they "suffered and continue to suffer from injuries including Acute Stress Disorder, Depressive Disorder, Anxiety and Insomnia." Compl. ¶ 96; *see also id.* ¶¶ 150, 152, 155, 215, 237, 257, 285, 291, 292, 305, 313-314, 320, 330, 340. In addition, Plaintiffs seek treble damages, attorney's fees, and costs on their claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Laws ("UTPCPL"), 73 P.S. §§201-1 *et seq.* *See* Compl. ¶ 307.

24. Treble damages are "properly considered in determining whether the jurisdictional amount is satisfied." *Lockwood v. Auto. Fin. Corp.*, No. C.A. 04-0128 E, 2005 WL 2107165, at *3 (W.D. Pa. Aug. 30, 2005). To the extent that Plaintiffs' Complaint seeks an award trebling the compensatory, punitive and exemplary damages that they claim are "in excess of Thirty Five Thousands ($35,000.00) Dollars"—Compl. Prayer for Relief; *cf. id.* ¶ 307 (claiming treble damages under the UTPCPL "[i]n addition" to other forms of damages)—the amount in controversy is satisfied on this basis alone. Three times a damages award exceeding $35,000 yields an amount in controversy in excess of $105,000. *See, e.g., O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 278 (E.D. Pa. 2003) ("His claim meets the amount in controversy requirement because O'Keefe has properly requested treble damages under the UTPCPL."); *McLaughlin v. Volkswagen of Am., Inc.*, No. CIV. A. 00-3295, 2000 WL 1793071, at *2 (E.D. Pa. Dec. 6, 2000) (where treble damages are sought with a baseline damages allegation of $50,000, "then the treble damage available under the UTPCL could lead to an

award of approximately $150,000 per plaintiff before punitive damages and attorney's fees"); *see also Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6th Cir. 2000) (holding that amount-in-controversy threshold was met where plaintiffs sought rescission of purchase contract for vehicles valued at approximately $30,000, plus treble damages pursuant to New Jersey Consumer Fraud Act).

25. Plaintiffs have not stated that damages do not exceed $75,000. Even if Plaintiffs intended their prayer for damages "in excess of Thirty Five Thousands ($35,000.00) Dollars" to include treble damages under the UTPCPL, they certainly do not plead that their total damages are *less than* $75,000, and there is no basis for finding "to a legal certainty" that Plaintiffs' claims could not exceed the jurisdictional amount. Rather, Plaintiffs' "*ad damnum* clause claiming damages greater than" the applicable state arbitration limit also supports a finding that the amount-in-controversy requirement is satisfied, especially considering the other elements of damages sought. *Williams*, 2008 WL 282205, at *1–2.

26. Attorney's fees are "part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997); *see also Frederico*, 507 F.3d at 199 ("We must also consider attorney's fees" when calculating the amount in controversy, which "could be as much as thirty percent of the judgment" (citations omitted)).

27. On top of all that, Plaintiffs seek "punitive and exemplary damages," alleging that Snap "acted in such a manner which was willful, wanton, gross and in total disregard for the health and safety of the user or consumer." Compl. ¶ 213 & Prayer for Relief; *see also id.* ¶¶ 214, 235, 271, 293, 334. *See generally Phillips v. Cricket Lighters*, 883 A.2d 439, 445–46 (2005) ("Punitive damages may be appropriately awarded only when the plaintiff has established

that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." (quotation marks and citations omitted)). "When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993). In Pennsylvania, no "reasonable relationship" or "mathematical proportionality" need exist between compensatory and punitive damages, but rather, turn on "the twin goals of punishment and deterrence, the character of the tortious act, the nature and extent of the harm suffered by the plaintiff, and the wealth of the defendant." *Sprague v. Walter*, 656 A.2d 890, 925 (Pa. 1995) (citing *Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 803-04 (Pa. 1989)).[2]

28. Any differences in the damages claimed by the three Plaintiffs would not undermine this Court's jurisdiction. The amount in controversy with respect to at least one Plaintiff is in excess of $75,000. Accordingly, this Court may exercise supplemental jurisdiction over any other Plaintiff whose amount in controversy does not exceed $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558–59 (2005).

29. Therefore, the amount in controversy exceeds $75,000.[3]

---

[2] *See also, e.g., Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 458–59 (E.D. Pa. 2001) (noting that, in a breach of contract dispute, "[p]laintiff's version of events is believed by the trier of fact, a penalty of over $65,000 may well be appropriate to send a message to Defendant and other would-be offenders"); *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1248 (Pa. 1983) (upholding awards of $40,000 compensatory and $440,000 punitive damages in a contract dispute).

[3] Snap reserves the right to submit proof of this amount if challenged by Plaintiffs. *See Dart*, 574 U.S. at 88. While jurisdiction is clear from the face of the Complaint, Snap reserves the right to request jurisdictional discovery if this amount is challenged by Plaintiffs. *See, e.g., Ciccone v. Progressive Specialty Ins. Co.*, No. 3:20-CV-981, 2020 WL 7319777, at *6 (M.D. Pa. Dec. 11, 2020) ("We will defer ruling on the motion as to the CAFA amount in controversy pending a period of jurisdictional discovery"); *see also, e.g., Cty. of Washington, Pa. v. U.S. Bank Nat. Ass'n*, No. CIV.A. 11-1405, Dckt. En. 28 (W.D. Pa. Mar. 5, 2012); *Mithril GP*

8

## CONCLUSION

WHEREFORE, Snap requests that this Notice of Removal be filed, that the above-captioned action from the Court of Common Pleas of Allegheny County, Pennsylvania, be removed to and proceed in this Court, and that no further proceedings be had in said case in the Court of Common Pleas of Allegheny County, Pennsylvania.

Dated: January 11, 2021                          /s/ Stephen A. Loney Jr.

                                                           Stephen A. Loney, Jr. (PA 202535)
                                                           stephen.loney@hoganlovells.com
                                                           Hogan Lovells US LLP
                                                           1735 Market Street, 23rd Floor
                                                           Philadelphia, PA 19103
                                                           Tel: (267) 675-4600
                                                           Fax: (267) 675-4601

---

*Employee Feeder LLC v. McKellar*, No. 19-CV-2144-RGA, 2020 WL 3206555, at *1 (D. Del. June 15, 2020).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of January, 2021, I caused a true copy of the foregoing Notice of Removal to be filed electronically and furnished via U.S. Mail to:

>Lee W. Davis
>Law Offices of Lee W. Davis, Esquire, L.L.C.
>5239 Butler St., STE 201
>Pittsburgh, PA 15201
>*Counsel for Plaintiffs*

/s/ Stephen A. Loney, Jr.
Stephen A. Loney, Jr.