# EXHIBIT "D"

1  Frank E. Scherkenbach (SBN 142549 / scherkenbach@fr.com)
   Adam J. Kessel (*pro hac vice* application to be filed / kessel@fr.com)
2  Proshanto Mukherji (*pro hac vice* application to be filed / mukherji@fr.com)
   Jeffrey Shneidman (*pro hac vice* application to be filed / shneidman@fr.com)
3  FISH & RICHARDSON P.C.
4  One Marina Park Drive
   Boston, MA 02210
5  Telephone: (617) 542-5070
   Facsimile: (617) 542-8906
6
7  Michael R. Headley (SBN 220834 / headley@fr.com)
   FISH & RICHARDSON P.C.
8  500 Arguello Street, Suite 500
   Redwood City, CA 94063
9  Telephone: (650) 839-5070
   Facsimile: (650) 839-5071
10
11 Attorneys for Plaintiffs
   BYTEDANCE INC. and TIKTOK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYTEDANCE INC. AND TIKTOK INC.,<br><br>Plaintiffs<br><br>v.<br><br>TRILLER, INC.,<br><br>Defendant. | Case No. 3:20-cv-7572<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,691,429**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ByteDance Inc. ("BDI") and TikTok Inc. ("TTI") (collectively, "Plaintiffs") hereby allege for their Complaint against Defendant Triller, Inc. ("Triller" or "Defendant") as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment of non-infringement of U.S. Patent No. 9,691,429 ("the '429 patent," attached as Exhibit A). Plaintiffs seek a declaratory judgment that they do not infringe any claim of the '429 patent.

2. Plaintiffs are technology companies that provide and support a variety of mobile software applications that enable people around the world to connect with, consume, and create entertainment content, including via an application called "TikTok." TikTok is a mobile software application that millions of Americans, including many in this judicial district, use to create and share short videos composed of expressive content.

3. Defendant Triller operates an app called "Triller" which it characterizes as "an entertainment platform built for creators."[1] Defendant Triller has alleged that TikTok infringes the '429 patent, and Plaintiffs disagree.

4. Specifically, on July 29, 2020, Triller filed a lawsuit against the entities TikTok Inc. and Bytedance Ltd. in the Western District of Texas (C.A. No. 20-cv-00693) ("the Texas Litigation") alleging that those entities "directly and indirectly infringe the ['429] Patent by making, using, offering for sale, selling, and importing the popular iOS and Android software application known as 'TikTok.'" *Id.*, Dkt. No. 1 ¶3. Triller has alleged that the "Accused Products" in that lawsuit (the "Accused TikTok Products") are "software products [that] are available for iOS and Android hand-held or tablet devices and are distributed under the TikTok brand name." *Id.*, ¶14. Triller has alleged that "making, using, offering for sale, selling and/or importing the Accused Products" constitutes patent infringement and violates at least 35 U.S.C. § 271(a), (b), and (c). *Id.* ¶34 *et seq.* Triller has also alleged that Plaintiffs' training videos, demonstrations, brochures, and user guides instruct users of the TikTok apps to infringe the '429 patent. *Id.* Triller has alleged that making the Accused TikTok Products (among other acts) infringes at least claims 1, 3, 4, 5, 6, and 7 of the '429 patent. *Id.*

---

[1] https://apps.apple.com/us/app/triller-social-video-platform/id994905763 (accessed Oct. 27, 2020).

5. Notwithstanding Triller's allegations in the Texas Litigation, that district is not a proper forum for a dispute concerning the Accused TikTok Products. Bytedance Ltd., a defendant in that case, is a holding company based outside of the United States that does not have employees or property in Texas. TTI, the other defendant in that case, has no employees or facilities in the State of Texas and, more specifically, does not have any regular and established place of business in that forum, and thus is not subject to venue under the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. ___, 137 S. Ct. 1514 (2017). Plaintiffs thus bring the instant action in a proper forum—in the state where all of the relevant parties are based, and in the judicial district where a substantial part of the events or omissions giving rise to Triller's alleged infringement claims have occurred and continue to occur.

6. BDI and TTI are the only companies based in the United States responsible for developing, providing, and supporting the Accused TikTok Products. Triller's actions and allegations have created a real and immediate controversy between Triller and Plaintiffs as to whether the Accused TikTok Products infringe any claim of the '429 patent. Triller's lawsuit and statements that "making" the Accused TikTok Products infringes the '429 patent demonstrate that it is highly likely that Defendant Triller will assert infringement against BDI in addition to its previous allegations against TTI. In the meantime, the cloud of Triller's allegations, including that making the Accused TikTok Products infringes the '429 patent, hangs over BDI.

7. As set forth herein, Plaintiffs do not infringe the '429 patent. Therefore, an actual and justiciable controversy exists between the parties as to whether Plaintiffs' Accused TikTok Products infringe any claim of the '429 patent. A judicial declaration is necessary to resolve the real, immediate, and justiciable controversy concerning these issues and to determine the respective rights of the parties regarding the '429 patent. Plaintiffs respectfully seek a judicial determination that the '429 patent is not directly or indirectly infringed by Plaintiffs, including by their products and/or services.

**PARTIES**

8. Plaintiff BDI is a Delaware corporation having its principal place of business at 250 Bryant Street, Mountain View, California, 94041.

9. Plaintiff TTI is a California corporation having its principal place of business at 5800 Bristol Parkway, Culver City, California, 90230.

10. On information and belief, and based on its allegations in the Texas Litigation, Defendant Triller, Inc. is a Delaware corporation having its principal place of business at 2121 Avenue of the Stars, Suite 2320, Los Angeles, California, 90067.

11. On information and belief, and based on its allegations in the Texas Litigation, Triller is the owner of the '429 patent.

**JURISDICTION AND VENUE**

<u>Subject Matter Jurisdiction</u>

12. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and under the Patent Laws of the United States, 35 U.S.C. §§1 *et seq.*

13. This Court has subject matter jurisdiction over the claims alleged in this action because this Court has jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202.

14. This Court can provide the relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because Triller has accused the Accused TikTok Products of infringing its patent, e.g., by suing others (including TTI) for patent infringement alleging infringement by "making" the Accused TikTok Products.

15. Plaintiff BDI makes the Accused TikTok Products that Triller alleges infringe, and thus, BDI, in addition to TTI, should be the subject of Triller's allegations. Triller has also alleged that "portions of the Accused [TikTok] Products" are "especially made or adapted for use in infringement of the '429 Patent, and … [are] not suitable for substantial non-infringing use." *See* Texas Litigation Dkt. No. 1 ¶ 36, which implies that TTI and BDI's roles in the development of

those products is an act of contributory infringement. Triller's allegations against TTI and users of the Accused TikTok Products cast a cloud over TTI and BDI's business, causing uncertainty for TTI and BDI, regarding the ongoing provision or use of the Accused TikTok Products.

16. Triller has maintained this charge despite the fact that the Accused TikTok Products (and use thereof) do not in fact infringe, and have not infringed, any claims of the '429 patent. Triller's allegations and actions have created a real, live, immediate, and justiciable case or controversy between Triller and Plaintiffs.

## Personal Jurisdiction

17. This Court has personal jurisdiction over Triller. Triller's principal place of business is in California. Triller's Terms of Service state that "Triller, Inc.['s] address is at 2121 Avenue of the Stars Suite 2350, Los Angeles, California 90067." *See* Exhibit B.

18. Triller also lists both Los Angeles and San Francisco among the locations of its worldwide offices on its website, including at https://www.triller.co/faq/index.html:



19. Moreover, Triller has purposefully directed its activities toward and engaged in numerous specific contacts within this District, including by soliciting and providing goods and services to people in this District (in the form of Triller's own products, including the Triller app), and by soliciting investment and receiving funding from persons in this District. On information and belief, Triller also has a number of users in this District, including users who post and view videos located in this district, as shown in the exemplary screenshots below.

 

20. Triller has also purposefully directed its conduct at this District with its attempt to enforce the '429 patent by making accusations of infringement against the Accused TikTok Products, which are made in this District.

## Venue

21. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim presented in this Complaint occurred in this district (28 U.S.C. §1391(b)(2)). For example, BDI makes the TikTok Accused Products in this district. Venue is also proper in this district because Triller's principal place of business is in California, and Triller "resides" in this district under Federal venue laws because it is subject to personal jurisdiction in this district (*see* 28 U.S.C. §1391(c)(2) & (d)).

22. In addition, the TikTok Accused Products are distributed to users in the United States exclusively through Apple's App Store and Google Play, both of which are run by companies with principal places of business in California and more specifically in this judicial district. Apple's principal place of business is in Cupertino, California, and Google's principal place of business is in Mountain View, California.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF –
### Declaratory Judgment of Noninfringement of the '429 Patent

23.  Plaintiffs incorporate the allegations set forth in paragraphs 1-22 as though fully set forth herein.

24.  Neither Plaintiffs nor their products have infringed, induced others to infringe, or contributed to infringement by others of, any claim of the '429 patent. Nor do any end-users of Plaintiffs' products infringe any such claim.

25.  By way of example, neither Plaintiffs nor their products infringe, induce others to infringe, or contribute to any infringement by others of, claims 1-10 of the '429 patent, at least because Plaintiffs and their products do not perform the method step of "synchronizing each video take of the plurality of captured video takes with the selected audio track while each video take of the plurality of video takes is being captured, wherein synchronizing further comprises playing, from a first beginning, the selected audio track at substantially the same time as a second beginning of capturing each video take of the plurality of video takes." Nor do any end-users of Plaintiffs' products perform this method step.

26.  By way of further example, Plaintiffs' products do not infringe, induce others to infringe, or contribute to any infringement by others of, claims 11-16 of the '429 patent, at least because their products are not a "user device, comprising … at least one processor operable to: … synchronize each video take of the plurality of captured video takes to the recorded audio track as each video take of the plurality of video takes is being captured, wherein synchronizing further comprises playing, from a first beginning, the selected audio track at substantially the same time as a second beginning of capturing each video take of the plurality of video takes." Nor are Plaintiffs' products installed or otherwise used by end-users in a way that satisfies this claim limitation.

27.  By way of example, neither Plaintiffs nor their products infringe, induce others to infringe, or contribute to any infringement by others of, claims 17-19 of the '429 patent, at least because Plaintiffs and their products do not perform the method step of "synchronizing, while the

plurality of video takes are being captured, each video take of the plurality of captured video takes to the selected audio track, wherein synchronizing further comprises playing, from a first beginning, the selected audio track at substantially the same time as a second beginning of capturing each video take of the plurality of video takes; and creating a music video comprising the selected audio track and at least a subset of the plurality of captured video takes synchronized to the selected audio track; wherein creating comprises: displaying the subset of the plurality of captured video takes based on the number of faces determined to be within each video take." Nor do any end-users of Plaintiffs' products perform this method step.

28. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Triller and Plaintiffs regarding the noninfringement of the '429 patent, including with respect to Plaintiffs' Accused TikTok Products. This controversy is of sufficient immediacy and reality to warrant issuance of a Declaratory Judgment.

## DEMAND FOR JURY TRIAL

29. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court to enter judgment in their favor against Triller:

A. For judgment that Plaintiffs, Plaintiffs' products, and users of Plaintiffs' Products do not infringe and have not infringed under 35 U.S.C. § 271 (or any subsection thereof) any claim of the '429 patent, either literally or under the doctrine of equivalents, and that none of them are liable for damages or injunctive relief based on any claim of the '429 patent;

B. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with this action;

C. For costs and expenses in this action; and

D. For such other and further relief as the Court deems just and proper.

Dated: October 28, 2020

Respectfully submitted,

By: /s/ *Michael R. Headley*
Frank E. Scherkenbach
(SBN 142549 / scherkenbach@fr.com)
Adam J. Kessel
(*pro hac vice* application to be filed / kessel@fr.com)
Proshanto Mukherji
(*pro hac vice* application to be filed / mukherji@fr.com)
Jeffrey Shneidman
(*pro hac vice* application to be filed / shneidman@fr.com)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Michael R. Headley (SBN 220834 / headley@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs
ByteDance Inc. and TikTok Inc.