# KING & SPALDING

King & Spalding LLP
1180 Peachtree Street, N.E., Ste. 1600
Atlanta, GA 30309-3521
Tel: +1 404 572 4600
Fax: +1 404 572 5100
www.kslaw.com

Geoffrey M. Drake
Partner
Direct Dial: +1 404 572 4726
Direct Fax: +1 404 572 5100
Mobile: 404-824-3277
gdrake@kslaw.com

August 9, 2022

**VIA PDF EMAIL:**
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

Honorable Paul S. Diamond
14614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:   *Tawainna Anderson, et al. v. TikTok Inc., et al.*
>       **USDC – Eastern District of Pennsylvania | Case No. 2:22-cv-01849-PD**

Dear Judge Diamond:

I write on behalf of Defendants TikTok Inc. and ByteDance Inc. ("Defendants") in response to Plaintiff Tawainna Anderson's August 4, 2022 letter to the Court regarding a purported "discovery dispute" (Dkt. 18) and Your Honor's Order entered on August 4, 2022 in the above-captioned matter (Dkt. 19). Defendants submit this letter to clarify the record and document formally their request to temporarily stay discovery pending the Court's ruling on Defendants' pending Motion to Dismiss Plaintiff's Complaint (Dkt. 12). Indeed, this week Defendants will be filing a timely reply in support of the pending Motion to Dismiss, which will aid the Court's consideration of these issues, and Defendants respectfully request that Your Honor reserve ruling on the Motion to Dismiss until after the Court has had sufficient opportunity to consider full briefing.

Thereafter, Defendants respectfully request a telephonic conference to specifically address Defendants' request for a stay of discovery, per Your Honor's Standing Order, *see* Dkt. 6 at 3 (allowing for telephonic conferences to resolve discovery motions). Separately, once the Motion to Dismiss has been fully briefed, Defendants would also be available for oral argument to address the issues raised in the Motion.

***Relevant background***:  The discovery period in this matter began just six days ago, on August 3, 2022. On that date, the Parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f). During the conference, consistent with Third Circuit precedent, Defendants asked

Plaintiff's counsel whether Plaintiff would agree to stay discovery during the pendency of Defendants' Motion to Dismiss, which raises several legal arguments that, if granted, would dispose of this lawsuit entirely. *See Ghaffari v. Wells Fargo Bank NA*, 621 F. App'x 121, 124 (3d Cir. 2015) ("[T]he purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and factfinding . . . and motions to dismiss filed under that Rule typically are resolved before discovery begins." (internal quotation and citation omitted)). Plaintiff declined to agree to a stay of discovery. Defendants thereafter proposed a phased discovery plan whereby Defendants would initially produce information related to decedent Nylah Anderson's TikTok account while the parties agreed to hold in abeyance all other discovery pending resolution of Defendants' Motion to Dismiss. Plaintiff did not agree to this proposal.

The following day, August 4, 2022, Plaintiff prematurely raised a preemptive "discovery dispute" with the Court seeking enforcement of a September 2 deadline for Defendants' response to Plaintiff's First Request for Production on the purported grounds that "Defendants had no intention of producing responses to Plaintiff's RFPs." *See* Dkt. 18 at 1.

Defendants never stated that they would not serve discovery responses in the event discovery was not stayed or that they otherwise would not comply with their discovery obligations. Defendants take their discovery obligations seriously.

Plaintiff's position is based entirely on Defendants' assertion of legal grounds for a temporary stay during the pendency of the Motion to Dismiss. Plaintiff's hypothetical "dispute" was not ripe. Indeed, Plaintiff acknowledged that the discovery at-issue was not even deemed properly *served* under the Federal Rules of Civil Procedure until August 3 and the deadline for any responses is not until September 2, 2022. *Id.* (citing Fed. R. Civ. P. 34(b)(2)(A), 26(d)(2)).

Yet, Plaintiff prematurely filed a letter seeking to compel discovery responses before the parties had the opportunity to raise with the Court whether a stay is appropriate under Third Circuit precedent. Further, Defendants will be filing a timely reply in support of their pending Motion to Dismiss this week—which is before discovery responses are even due—which will aid the Court's consideration of these issues.

***Legal precedent supports a discrete stay pending this type of dispositive motion***:  It is in this Court's broad discretion to grant a stay. *See Clinton v. Jones*, 520 U.S. 681, 683 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (holding that the District Court "acted within its discretion" in staying discovery during the pendency of a motion to dismiss). A stay is proper where, like here, "the likelihood that [a motion to dismiss] may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay." *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. 2000) (quotation omitted).

Indeed, dispositive motions "should typically be resolved before discovery begins." *Ghaffari*, 621 Fed. App'x at 124 (quotation omitted). Accordingly, courts in this Circuit have granted motions to stay recognizing the value of suspending discovery pending resolution of potentially dispositive motions. *See, e.g.*, *Eurofins Pharma US Holdings v. BioAlliance Pharma*

*SA*, 623 F.3d 147, 154 (3d Cir. 2010); *Pfizer Inc. v. Johnson & Johnson*, No. 17-cv-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27 2018) ("granting stay during pendency of dispositive motion"); *McLafferty v. Deutsche Lufthansa A.G.*, No. 08-1706, 2008 WL 4612856, at *2 (E.D. Pa. Oct. 14, 2008); *Weisman*, 1995 WL 273678, at *2 (same).  This Court should follow suit.

Here, Defendants' Motion to Dismiss raises two legal arguments that, if granted, are dispositive of the entire case: (1) this Court lacks personal jurisdiction over both Defendants and (2) Plaintiff's claims are barred by the Communications Decency Act. *See* Dkt. 12-1 at 5-7. Separately, Defendants contend that Plaintiff cannot state essential elements of any of her claims. *Id.* at 18-25. Defendants' arguments implicate issues that cannot be saved by a mere amendment, but, rather, would dispose of the case in full. In other words, Defendants' motion presents the opportunity for "outright elimination of discovery," which supports imposition of a discovery stay. *19th St. Baptist Church*, 190 F.R.D. at 349; *see also Weisman*, 1995 WL 273678, at *2 ("Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." (compiling cases)).

***Plaintiff offers no specific or compelling objections***:  Plaintiff's letter to compel discovery identifies three factors this Court should consider in granting a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *See* Dkt. 18 at 2 (quoting *In re Universal Health Services, Inc., Derivative Litigation*, 2018 WL 8758704 at *1 n. 1 (E.D. Pa. Dec. 10, 2018)). With no analysis, Plaintiff concluded that "these factors would compel denial of any request for stay made by Defendants at this juncture." Not so.

*First*, the Motion to Dismiss will be fully briefed later this week, over two weeks before responses to Plaintiff's discovery are even due absent a stay. Thus, the length of the requested stay need not be lengthy. There is no prejudice to Plaintiff or clear tactical advantage to Defendants in the small window of reprieve requested.

*Second*, as Plaintiff acknowledged in her letter, the matter before the Court is "complex." Dkt. 18 at 2. Given the complexity of the scientific and causation issues involved, the scope of fact and expert discovery required, the time needed for identification, collection, processing, review, and production of electronically-stored information, and the difficulty in collecting medical and educational records from relevant providers, a stay at this juncture allows the Motion to Dismiss to "simplify the issues in question" before both Parties and this Court engage in costly and time-consuming discovery.

*Finally*, discovery "began" *at earliest* just six days ago, on August 3; no initial conference, scheduling order, or trial date has been set. Plaintiff is therefore not prejudiced, and Defendants receive no benefit from staying discovery beyond avoiding potentially obsolete discovery.

In contrast, the undue burden on Defendants to respond to 59 requests for production (that may not even be required or necessary) is high. Plaintiff has requested discovery not only relating to Nylah Anderson's TikTok account, but also more broadly for documents in a litany of categories ranging from corporate policies to proprietary information relating to the development and

Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov
Page 4

function of the TikTok application. *See, e.g.*, Dkt. 18 at Ex. A (RFP No. 27: "Any global algorithms used to construct any type of hierarchical interest label set based on the theme of contents, and calculated based on the relevant degree of each interest label in the set"). Before engaging in such broad, burdensome discovery in a complex matter such as this, the scope of the litigation should be settled via resolution of Defendants' Motion to Dismiss so that the Parties may appropriately tailor discovery to issues relevant to the claims and defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Defendants respectfully request that the Court grant their request to stay the proceedings pending resolution of Defendants' Motion to Dismiss, or alternatively, allow for a telephonic conference to address the issues related to sequencing discovery under the circumstances.

Respectfully submitted,

Geoffrey M. Drake

cc: All Counsel (via email)