**CAMPBELL CONROY & O'NEIL**
PROFESSIONAL CORPORATION

| | | |
|---|---|---|
| 1205 WESTLAKES DRIVE<br>SUITE 330<br>BERWYN, PA 19312<br>TEL: (610) 964-1900<br>FAX: (610) 964-1981 | 100 N. 18TH STREET<br>SUITE 300<br>PHILADELPHIA, PA 19103<br>TEL: (215) 564-0160<br>FAX: (610) 964-1981 | **JOSEPH E. O'NEIL**<br>**(610) 964-6388**<br>joneil@campbelltriallawyers.com |

*Please direct all correspondence and deliveries to the Berwyn, PA office.*

September 8, 2022

**_Sent Via PDF E-mail_**
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

The Honorable Paul S. Diamond
U.S. DISTRICT COURT FOR THE
 EASTERN DISTRICT OF PENNSYLVANIA
U.S. Courthouse
601 Market Street, Room 14614
Courtroom 14-A
Philadelphia, PA 19106

    Re:    **Tawainna Anderson, et al. v. TikTok, Inc., et al**.
              **U.S.D.C., Eastern District of PA, Docket No. 2:22-cv-01849-PD**

Dear Judge Diamond:

    I write on behalf of Defendants TikTok Inc. and ByteDance Inc. (together, "TikTok") in response to Plaintiff Tawainna Anderson's September 7, 2022 letter (ECF 23).[1]  Moments ago, this Court ordered that "Defendants shall provide full and complete responses to Plaintiff's Requests for Production no later than September 12, 2022 at 5 p.m." ECF 24. As explained below, TikTok in fact already provided its written responses to Plaintiff's Request for Production on September 2. Meanwhile, Plaintiff and TikTok continue to meet and confer over a Protective Order and ESI Protocol and have made significant strides in resolving their differences. Indeed, the parties conducted a scheduled meet and confer this morning. On the other hand, Plaintiff has not yet substantively met and conferred over TikTok's relevance and proportionality objections—even though Plaintiff bears the burden on these issues and appears to have significantly shifted its theory of the case.

    TikTok has been a willing and cooperative participant in the discovery process. Plaintiff's efforts to bring these issues to the Court now—in a letter it filed less than 24 hours after a meet and confer—is premature. That is particularly true given that Plaintiff's letter raised issues (*e.g.*, about the Stored Communications Act) that the parties agreed to jointly work together to resolve. TikTok renews its request for a telephonic conference with the Court to address discovery, and to

---

[1] There is a pending petition before the Judicial Panel on Multidistrict Litigation to centralize cases addressing whether platforms are "addictive." Because a decision by the Panel to centralize cases could impact *Anderson*, TikTok has asked Plaintiff to consent to a stay of this case pending the JPML's determination. Absent agreement, TikTok will seek relief from this Court.



seek clarification about the Court's intended meaning of its recent order.  *See* ECF 20 (August 9 letter from TikTok requesting conference).

**Background**

A few facts center this dispute.  On August 4, 2022—only one day after Plaintiff's First Request for Production of Documents was deemed served—Plaintiff filed a letter claiming that "[TikTok] had no intention of producing responses to Plaintiff's RFPs."  ECF 18 at 1.  With respect, that representation was *not* correct.  Not only was that not TikTok's intention; it was not even a point that TikTok argued to Plaintiff.  Still, the same day that Plaintiff filed her letter, this Court ordered "that Defendants shall provide full and complete responses to Defendant's [sic] Requests for Production no later than September 2, 2022 at 5 p.m"—the date for TikTok to serve its response under the Federal Rules of Civil Procedure.  ECF 19.  Notably, the Order did not adopt the language of Plaintiff's letter that TikTok "produc[e] responses."  TikTok filed a letter with the Court on August 9 explaining that Plaintiff's representations were not correct and requesting a telephonic conference with the Court to address discovery.  *See* ECF 20.

TikTok provided "full and complete responses" in writing to all 59 Requests on September 2.  Although Plaintiff asserts that TikTok "provided objections," ECF 23 at 2–3, TikTok's responses in fact identified areas where it agreed to produce documents, subject to entry of an appropriate Protective Order, ESI Protocol, and resolution of user-privacy restrictions imposed by the Stored Communications Act.  TikTok offered to work expeditiously with Plaintiff to resolve each of these issues.  TikTok also informed Plaintiff on September 6 that it had identified responsive documents that it would soon produce.  *Contra* ECF 23 (claiming without any support that TikTok "did not even begin to search for documents responsive to some RFPs").

True, TikTok's responses also identified areas of disagreement over scope, relevance, and proportionality.  But those objections were not just "boilerplate."  *Contra* ECF 23 at 2.  To the contrary, TikTok's objections noted that Plaintiff significantly shifted its theory of the case between drafting its Requests for Production and briefing its opposition to the motion to dismiss.  Many of Plaintiff's Requests seek information about user-provided content on TikTok and how that user content is moderated or "removed."  *See, e.g.*, ECF No. 23, Ex. B at RFP Nos. 45–46, 50–51, 53–56.  As TikTok argued in its motion to dismiss, those theories are barred by Section 230 of the Communications Decency Act.  *See* ECF 12-1; *Green v. AOL*, 318 F.3d 465, 471 (3d Cir. 2003) (the CDA bars a wide range of theories traceable to "publisher" acts and omissions, such as "deciding whether to publish, withdraw, postpone, or alter content").  In a concession to this point, Plaintiff's opposition attempted to jettison those theories altogether, claiming that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."  ECF 22.  Although TikTok believes that Plaintiff's allegations are still barred, at a minimum, TikTok should not have to produce documents to address theories of the case that Plaintiff has disavowed.

Plaintiff and TikTok met and conferred on September 6, one day before Plaintiff filed this letter.  In that meeting, Plaintiff did not seek to discuss TikTok's specific relevance or proportionality objections, nor did her counsel substantively discuss TikTok's most recent edits to

The Honorable Paul S. Diamond
September 8, 2022
Page 3



the Protective Order and ESI Order, which TikTok shared on September 2. Instead, Plaintiff asserted that she expected TikTok to produce documents on September 2, and that TikTok had defied the Court's August 3 Order. TikTok explained that it had identified documents to produce to the Requests that it was working on preparing for production. It highlighted the challenges it faced given the novelty of Plaintiff's claims. For instance, TikTok was transparent with Plaintiff that its prior litigation primarily related to trademark or patent disputes—not personal injury lawsuits involving alleged harm suffered by users of its platform—which meant that Plaintiff's requests posed issues of first impression for TikTok that required time to navigate. And it discussed how it understood the Court's order, which arose based on a letter from Plaintiff that claimed that TikTok did not plan to respond to Plaintiff's Requests at all. TikTok also offered to collaborate with Plaintiff on resolving the ESI Protocol and Protective Order, and on addressing issues for user consent under the Stored Communications Act. TikTok and Plaintiff even reached an action plan to resolve Stored Communications Act issues. Despite these efforts, Plaintiff filed this letter less than 24 hours later.

## Argument

Plaintiff advances three arguments in its letter, none of which has merit.

*TikTok's Compliance With The Court's August 3 Order.* Plaintiff does not dispute that TikTok provided written responses to Plaintiff's First Request for Production on September 2. Nor does Plaintiff argue that TikTok lacked "good faith" objections to certain of those Requests. Instead, Plaintiff claims that TikTok had no right to assert objections to Plaintiff's Requests and that TikTok was obligated to complete its document production by September 2. Neither this Court's August 3 order nor the Federal Rules of Civil Procedure support that argument.

Under the August 3 Order, TikTok had to "provide full and complete responses" to Plaintiff's First Requests by September 2. ECF 19. TikTok did so. In its responses, TikTok identified, request by request, the documents it agreed to produce. Just a few days after serving the responses, TikTok discussed with Plaintiff's counsel that it had already collected documents and was working on preparing them for production. For other requests, TikTok objected based on relevance and proportionality—but still offered to meet and confer with Plaintiff to understand her position on the relevance and breadth of the requests.

Bristling at this, Plaintiff now appears to claim that TikTok was required not just to start producing documents on September 2, but to complete its production by that date. Respectfully, TikTok did not interpret the Court's order to impose such a requirement, and neither the background of the Order nor the Order itself says otherwise. As noted, the Court entered the Order following an incorrect representation by Plaintiff that TikTok would not respond to its discovery requests at all. And the Order itself required TikTok to "provide full and complete responses"— language that ordinarily refers to a party's written argument or brief presented in answer to requests. Consistent with that meaning, TikTok provided its written responses in answer to Plaintiff's First Request for Production of Documents. The Court's Order did not address document production, much less state anything to the effect that TikTok would have to produce all documents that might be responsive to Plaintiff's Requests by that date. *See* ECF 19. Even if

The Honorable Paul S. Diamond
September 8, 2022
Page 4



there were doubts, Plaintiff's reading puts the Court's order at odds with the Federal Rules of Civil Procedure. Those Rules distinguish a party's initial written "response" to document requests from the subsequent, actual production of documents. *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must *respond* in writing within 30 days."); Committee Notes on Rules–2006 Amendment (describing "the written response to the production request that Rule 34 requires" as taking place "before the production occurs"). Plaintiff's reading simply ignores the text of the Rules. *Contra* ECF 23 at 3.

Practical considerations also favor TikTok's reading. Plaintiff bears the burden of establishing that her discovery requests seek relevant information, *Atkinson v. Luitpold Pharms., Inc.*, 414 F. Supp. 3d 742, 744 (E.D. Pa. 2019), and nothing in the Court's Order evidenced any intention to excuse Plaintiff from the requirement to establish that its requests are relevant or to preclude TikTok from making objections. Any contrary reading—entered with no notice to TikTok or opportunity to respond—would have violated due process. *Stevenson v. Carroll*, 495 F.3d 62, 69 (3d Cir. 2007) ("The core of due process is the right to notice and a meaningful opportunity to be heard."). Moreover, it would make no sense to require document production to be *completed* before entry of a Protective Order and ESI Protocol.

For all these reasons, TikTok respectfully asks that the Court deny Plaintiff's request for sanctions. TikTok did not intend to violate any order by the Court and has been working diligently to collect and prepare documents for production, and Plaintiff has suffered no prejudice. The Court has not yet held a Rule 16 Conference or entered a case schedule, and there are no deadlines for the completion of discovery. Nor did the Court rule on TikTok request for a discovery conference with the Court on August 9.

*Relevance Objections.* Plaintiff argues that TikTok's objections to relevance should be stricken because Defendants "self-servingly defined 'the relevant scope of discovery.'" (ECF No. 23 at 4). This argument is as meritless as it is premature. Because Plaintiff has yet to address TikTok's relevance objections in a meet and confer, this Court should simply decline to address this argument now. But if it reaches the merits, Plaintiff is wrong.

For starters, it is Plaintiff's burden—not TikTok's—"to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1)." *Atkinson*, 414 F. Supp. 3d at 744. Plaintiff's letter makes no effort to establish relevance at all. The "self-serving" scope of discovery Plaintiff refers to is TikTok's position that the scope of discovery should be subject to a straightforward parameter: Plaintiff's actual claims. In particular, (i) documents should concern TikTok accounts registered to Nylah Anderson (as opposed to all TikTok users), (ii) documents should concern the content related to recreational self-asphyxiation or the "Blackout Challenge" (as opposed to all content on TikTok), and (iii) documents should be relevant to the period from when Nylah registered her TikTok account(s) to December 7, 2021 (the date of her injury). This "self-serving" scope of discovery is consistent with many of Plaintiff's own discovery requests, which specifically seek documents related to Nylah Anderson's TikTok accounts, *see, e.g.*, ECF No. 23, Ex. A at RFP Nos. 1, 3, 5, 6, 8, and 36, and limit requests to prior to December 8, 2021, *see id.* at RFP Nos. 24-26 and 49.



Plaintiff's objection to the scope of discovery is wholly opaque. Plaintiff simply asserts that "Defendants intentionally ignore . . . [Plaintiff's] product lability claims." *Id.* at 4. Plaintiff has not laid out which of her requests require search and production of documents relevant to TikTok users other than Nylah Anderson and why, nor has she laid out how documents concerning "challenges" unrelated to the "Blackout Challenge" are relevant, nor has she made any argument as to why the scope of discovery would extend before Nylah Anderson's creation of a TikTok account or after her injury. And as noted, Plaintiff significantly shifted its case theory in briefing the motion to dismiss.

The scope of discovery "is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). "To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings" *Fassett v. Sears Holdings Corp.*, 319 F.R.D. 143, 149 (M.D. Pa. 2017) (quoting *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014)). The "concept of relevance is [also] tempered by principles of proportionality." *Id.* (cleaned up). Here, Plaintiff has made no effort to discuss her views on the relevant scope of discovery or to share her concerns about what documents are not being captured by the scope of discovery Defendants laid out. Regardless, the case Plaintiff has brought concerns a single individual Plaintiff and the scope of discovery, even in a products liability action, must be defined accordingly. There is simply no grounds to strike Defendants' objections to relevance— especially when Plaintiff has yet to meet and confer over those objections or establish the relevance of its Requests.

*Protective Order.* Like Plaintiff, TikTok is committed to working in good faith towards the submission of an agreed-upon Protective Order. Had Plaintiff adhered to the conciliation requirements of Local Rule 26.1(f) before raising the issue of setting a deadline for submission of a proposed Protective Order in her letter, this issue would not be before the Court.

Put simply, the bulk of Plaintiff's letter is untoward gamesmanship aimed at smearing TikTok and coloring the Court's impression of TikTok's commitment to the discovery process. A mere month has passed since the opening of discovery in this matter and TikTok has already provided responses to Plaintiff's 59 requests for production, Rule 16 initial disclosures, and draft protective and confidentiality orders. Consistent with their discovery obligations, TikTok is also continuing to work diligently towards production of documents responsive to Plaintiff's discovery requests. Plaintiff's unwillingness to acknowledge the complexity involved in TikTok's identification, collection, processing, review, and production of electronically-stored information, particularly where responsive documents may be overseas and/or subject to data protection and privacy laws, is a great hinderance to the efficient resolution of discovery disputes in this matter. Going forward, Plaintiff should be required to make actual good faith efforts to resolve discovery disputes before peppering this Court with resolvable issues.

The only remaining issue is Plaintiff's request that the Court "enter an order confirming that all discovery requests made by Plaintiff's counsel constitute sufficient consent under the Stored Communications Act." ECF 23 at 2. The Stored Communications Act prohibits platforms from "knowingly divulg[ing] to *any* person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1) (emphasis added). This issue is not

The Honorable Paul S. Diamond
September 8, 2022
Page 6



yet properly before this Court because before Plaintiff filed this letter, TikTok and Plaintiff met and conferred and agreed to work jointly to obtain consent from Plaintiff to address the contents of communications, to the extent they exist, in Nylah Anderson's accounts. Consistent with that September 6 meet-and-confer, TikTok requests an opportunity to continue working with Plaintiff to jointly resolve those issues.

      Plaintiff's requested relief should be denied.

      Respectfully,

      **CAMPBELL CONROY & O'NEIL, P.C.**

      */s/ Joseph E. O'Neil*

      Joseph E. O'Neil, Esquire

JEO/kh

cc:    All Counsel via e-mail