CAMPBELL CONROY & O'NEIL
PROFESSIONAL CORPORATION



1205 WESTLAKES DRIVE
SUITE 330
BERWYN, PA 19312
TEL: (610) 964-1900
FAX: (610) 964-1981

100 N. 18TH STREET
SUITE 300
PHILADELPHIA, PA 19103
TEL: (215) 564-0160
FAX: (610) 964-1981

JOSEPH E. O'NEIL
(610) 964-6388
joneil@campbelltriallawyers.com

*Please direct all correspondence and deliveries to the Berwyn, PA office.*

September 9, 2022

<u>*Sent Via PDF E-mail*</u>
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

The Honorable Paul S. Diamond
U.S. DISTRICT COURT FOR THE
 EASTERN DISTRICT OF PENNSYLVANIA
U.S. Courthouse
601 Market Street, Room 14614
Courtroom 14-A
Philadelphia, PA 19106

Re:     <u>**Tawainna Anderson, et al. v. TikTok, Inc., et al**</u>.
        **U.S.D.C., Eastern District of PA, Docket No. 2:22-cv-01849-PD**

Dear Judge Diamond:

I write on behalf of Defendants TikTok Inc. and ByteDance Inc. (together, "TikTok") to inform the Court of a pending Motion for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 that impacts the above-referenced case (*see* Ex. A, MDL Transfer Motion, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 1). TikTok further writes to request that the Court stay all proceedings in this case until after the upcoming hearing on September 29, when the Judicial Panel on Multidistrict Litigation ("JPML") will hear and decide whether this case will be centralized with related actions in a multi-district litigation ("MDL"): *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047.[1]

**Relevant background**: On August 1, 2022, Plaintiff Brianna Murden, party to a lawsuit against Meta pending in the Southern District of Illinois, Case No. 3:22-cv-01511-DWD, and represented by the Beasley Allen Law Firm, filed a motion to transfer "social media adolescent addiction/personal injury" lawsuits involving various online communications platforms, including TikTok, into a centralized MDL. *See* Ex. A. Thereafter, various other plaintiffs with lawsuits pending against Meta, TikTok, and/or other online communications platforms (namely, Snap and YouTube), filed support for an MDL proceeding. One plaintiff represented by Seeger Weiss LLP, for example, advocated explicitly that *all* cases tagged as related actions, including those pending

---

[1] TikTok expects that the JPML will promptly resolve the MDL Transfer Motion following the September 29 hearing, and in any event, TikTok will provide this Court with a status update as to any decision rendered by the JPML by October 14.

The Honorable Paul S. Diamond
September 9, 2022
Page 2



against TikTok but in which Meta is not a party, should be included in the MDL because of "common defects" in each of the defendants' "products." *See* Ex. B, Plaintiff Doffing's Response to MDL Transfer Motion, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 38. While Meta (the primary defendant named in cases tagged for inclusion in the proposed MDL) supports centralization (*see* Ex. C, Meta's Response to MDL Transfer Motion, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 44), TikTok, Snap, and Google have filed oppositions to the formation of an industry-wide MDL and have sought to have cases involving them excluded from any MDL proceeding. *See* Ex. D, TikTok's Response to MDL Transfer Motion, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 47.

On September 6, 2022, Plaintiff's counsel in the above-referenced action filed a Notice of Related Action identifying this case as a related action to the proposed MDL. *See* Ex. E, Notice of Related Action, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 63. The following day, September 7, 2022, Plaintiff filed an opposition to the inclusion of the *Anderson* case in any centralized MDL, asserting that her "claims are vastly different than those of the plaintiffs seeking transfer and consolidation" because they concern a "discrete wrongful death action[] premised on the defective TikTok product sending specific harmful videos to minors," and they are not "premised on the addictive qualities of the defendants' social media products." *See* Ex. F, Plaintiff's Response to MDL Transfer Motion, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 84 at 3-4. However, Plaintiff's Complaint includes numerous allegations about the impact of "social media" on children's mental health and states that such technology is designed "to addict users." *See* Compl., ECF No. 1 at ¶¶ 31-42, 107, 127, 142, 165.

The MDL Transfer Motion is set to be heard by the JPML on September 29, 2022. *See* Ex. G, Hearing Order, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 6. At that time, the JPML will determine whether centralization is appropriate and, if so, the scope of common issues for any MDL given the wide range of cases and injuries asserted to date, which will have direct bearing on whether *Anderson* is properly within that scope. Indeed, Plaintiff's counsel, Mr. Jeffrey Goodman, has filed a Notice of Presentation of Oral Argument asking to be heard at the hearing and therein proposed the Northern District of Illinois as Plaintiff's preferred transferee district should the JPML order centralization. *See* Ex. H, Notice of Presentation of Oral Argument, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047, ECF No. 66.

***Legal precedent supports a discrete stay pending resolution of the MDL Transfer Motion***: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Clinton v. Jones*, 520 U.S. 681, 683 (1997). Thus, a district court "has discretion to stay proceedings pending a decision by the [MDL] Panel regarding transfer." Charles A. Wright & Arthur R. Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 (3d ed.).

The Honorable Paul S. Diamond
September 9, 2022
Page 3



Pennsylvania's federal courts frequently stay proceedings where, as here, a case is in its early stages and a decision from the JPML on a motion to transfer is pending. *See, e.g.*, *Deoleo v. United States Liab. Ins. Co.*, No. CV 20-2301, 2020 WL 9763085, at *1-2 (E.D. Pa. July 14, 2020) (Diamond, J.) (granting stay pending JPML decision on motion to transfer); *Penn. ex rel. Kane v. McGraw-Hill Companies, Inc.*, No. 1:13-CV-605, 2013 WL 1397434, at *1 (M.D. Pa. Apr. 5, 2013) ("Courts often stay proceedings pending action by the JPML to preserve judicial resources and to ensure consistency in the disposition of like matters."); *see also* Wright & Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 n.16 (collecting cases).

"When deciding a motion to stay proceedings pending the resolution of another action in federal court, courts have considered three factors: '(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.'" *Cirulli v. Bausch & Lomb, Inc.*, No. CIV.A 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) (quoting *Ciolli v. Iravani*, 2008 WL 4412053, at *2 (E.D. Pa. Sept. 23, 2008)). Each of these factors weigh in favor of a stay here.

*First*, judicial economy is promoted by a stay because this Court is currently faced with a number of issues that an MDL court would also need to address. For instance, if an MDL is created, the MDL court will have to address the applicability of immunity under the Communications Decency Act or whether platforms are tangible "products" for strict-products liability law, the same issues raised in TikTok's pending motion to dismiss. An MDL court will also have to address the appropriate scope of discovery. *Second*, there is no harm to the parties in a brief stay. The instant action is in its early stages—an initial pretrial conference has not yet been set, neither a discovery schedule nor trial date have been set, and TikTok's motion to dismiss, which would be dispositive of all claims, is still pending. *See Deoleo*, 2020 WL 9763085, at *1 (citing *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 766 (E.D. Pa. 2014)). In contrast, absent a stay, the parties may be subject to inconsistent obligations based on rulings by this Court and future rulings by an MDL Court on the same issues. *Third*, "[a] hearing on the [the MDL Transfer Motion] is imminent, so any delay should be slight." *Id.*

Moreover, stays have already been entered in other actions across the country that are the subject of the MDL Transfer Motion. *See* Order, *Rodriguez v. Meta Platforms, Inc.*, No. 3:22-cv-00401 (N.D. Cal. Aug. 2, 2022), ECF No. 100 ("In light of the JPML proceedings, MDL No. 3047, the case is stayed pending further order."); Order, *Heffner v. Meta Platforms, Inc.*, No. 3:22-cv-03849 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Aranda v. Meta Platforms, Inc.*, No. 3:22-cv-04209 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Guerrero v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00750 (D. Del. Aug. 5, 2022), ECF No. 15 (same); Order, *Waddell v. Meta Platforms, Inc. et al.*, No. 2:22-cv-00112 (N.D. Ga. Aug. 5, 2022), ECF No. 32 (same); Order, *Charles v. Meta Platforms, Inc. et al.*, No. 1:22-cv-21721 (S.D. Fla. Aug. 8, 2022), ECF No. 21 (same); Order, *Carter v. Meta Platforms, Inc. et al.*, 3:22-cv-01343 (N.D. Tex. Aug. 8, 2022), ECF No. 11 (same); Order, *Tanton v. Meta Platforms, Inc. et al.*, No. 3:22-cv-00411 (M.D. Tenn. Aug. 8, 2022), ECF No. 22 (same); Order, *Roth v. Meta Platforms, Inc., et al.*, No. 1:22-cv-02968 (N.D. Ill. Aug. 9, 2022), ECF No. 18 (same); Order, *Estevanott v. Meta Platforms, Inc. et al.*, No. 6:22-cv-3149 (W.D. Mo. Aug. 9, 2022), ECF No. 17 (same); Order, *Harris v. Meta Platforms, Inc. et*

The Honorable Paul S. Diamond
September 9, 2022
Page 4



*al.*, No. 3:22-cv-01420 (D. Colo. Aug. 9, 2022), ECF No. 22 (same); Order, *White v. Meta Platforms, Inc. et al.*, No. 5:22-cv-00189 (E.D. Ky. Aug. 10, 2022), ECF No. 18 (same); Order, *Camacho v. Meta Platforms, Inc. et al.*, No. 4:22-cv-01815 (S.D. Tex. Aug. 11, 2022), ECF No. 27 (same); Order, *Isaacs v. Meta Platforms, Inc. et al.*, No. 1:22-cv-03883 (N.D. Ill. Aug. 11, 2022), ECF No. 19 (same); Order, *Cahoone v. Meta Platforms, Inc., et al.*, No. 1:22-cv-01848 (D. Colo. Aug. 13, 2022), ECF No. 21 (same); Order, *C.N. et al. v. Meta Platforms, Inc.*, No. 4:22-cv-4283 (N.D. Cal. Aug. 15, 2022), ECF No. 19 (same); Order, *Doffing v. Meta Platforms, Inc., et al.*, No. 1:22-cv-00100 (D. Ore. Aug. 15, 2022), ECF No. 72 (same); Order, *Martin v. Meta Platforms, Inc.*, No. 3:22-cv-04286 (N.D. Cal. Aug. 15, 2022), ECF No. 17 (same); Order, *Roberts v. Meta Platforms, Inc., et al.*, No. 4:22-cv-04210 (N.D. Cal. Aug. 15, 2022), ECF No. 22 (same); Order, *Seekford v. Meta Platforms, Inc. et al.*, No. 4:22-cv-03883 (N.D. Cal. Aug. 15, 2022), ECF No. 18 (same); Order, *Craig v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00087 (W.D. Ky. Aug. 17, 2022), ECF No. 21 (same); Order, *Ely v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00268 (S.D. Ala. Aug. 17, 2022), ECF No. 16 (same); Order, *Dorsey v. Meta Platforms, Inc. et al.*, No. 1:22-cv-01873 (D. Md. Aug. 19, 2022), ECF No. 16 (same); Order, *Flatt v. Meta Platforms, Inc., et al.*, No. 3:22-cv-04535 (N.D. Cal. Aug. 19, 2022), ECF No. 16 (same); Order, *Spence v. Meta Platforms, Inc., et al.*, No. 4:22-cv-03294 (N.D. Cal. Aug. 19, 2022), ECF No. 29 (same); Order, *M.C. v. Meta Platforms, Inc., et al.*, No. 4:22-cv-04529 (N.D. Cal. Aug. 22, 2022), ECF No. 26 (same); Order, *Mitchell v. Meta Platforms, Inc., et al.*, No. 8:22-cv-01759 (M.D. Fla. Aug. 26, 2022), ECF No. 13 (same); Order, *Dienes v. Meta Platforms, Inc., et al.*, No. 2:22-cv-01166 (W.D. Pa. Aug. 30, 2022), ECF No. 15 (same); Order, *Johnson v. Meta Platforms, Inc., et al.*, No. 1:22-cv-01260 (C.D. Ill. Aug. 30, 2022), ECF No. 17 (same); Order, *Williams v. Meta Platforms, Inc., et al.*, No. 1:22-cv-03470 (N.D. Ill. Aug. 30, 2022), ECF No. 21 (same); Order, *Wishkin v. Meta Platforms, Inc., et al.*, No. 3:22-cv-01286 (M.D. Pa. Aug. 30, 2022), ECF No. 10 (same); Order, *T.K., et al. v. Meta Platforms, Inc., et al.*, No. 3:22-cv-04588 (N.D. Cal. Sept. 1, 2022), ECF No. 15 (same); Order, *J.M., et al. v. ByteDance Inc., et al.*, No. 3:22-cv-04533 (N.D. Cal. Sept. 2, 2022), ECF No. 17 (same); Order, *Tesch v. Meta Platforms, Inc., et al.*, No. 1:22-cv-01795 (D. Colo. Sept. 6, 2022), ECF No, 14 (same). Indeed, to-date, no Court presented with a request for stay in connection with this MDL Motion to Transfer has denied it.

TikTok's counsel has contacted counsel for Plaintiff in this case, Mr. Goodman, who has indicated his position is that this case should not be stayed.

Accordingly, TikTok respectfully requests that the Court grant their request to stay the proceedings pending resolution of the MDL Transfer Motion.

Respectfully,

**CAMPBELL CONROY & O'NEIL, P.C.**

*/s/ Joseph E. O'Neil*

JEO/kh                                  Joseph E. O'Neil, Esquire
cc:    All Counsel via e-mail