# Exhibit F

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION / PERSONAL INJURY PRODUCT LIABILITY LITIGATION | MDL No. 3047 |

**PLAINTIFF TAWAINNA ANDERSON'S INTERESTED PARTY RESPONSE TO MOTION TO TRANSFER ACTIONS PURSUANT TO 28 U.S.C.§ 1407**

Dated: 9/7/2022

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman, Esq.
Saltz Mongeluzzi & Bendesky P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 496-8282
Fax: (215) 496-0999
Email: jgoodman@smbb.com

I.      **Background.**

Plaintiff, Tawainna Anderson, Individually and as Administratrix of the Estate of Nylah Anderson ("Plaintiff Anderson") filed an action in the Eastern District of Pennsylvania on May 12, 2022 against Defendants TikTok, Inc. ("TikTok") and ByteDance, Inc. ("ByteDance") titled *Tawainna Anderson, Individually and as Administratrix of the Estate Nylah Anderson, a deceased minor v. TikTok, Inc. and ByteDance, Inc.*, E.D.P.A. Case No. 2:22-cv-01849 (the "Anderson Action"). Plaintiff Anderson is cognizant of the Panel's August 17, 2022 Order that Responses were due August 30, 2022. However, Plaintiff Anderson was not provided notice by the plaintiffs moving for transfer and coordination or consolidation, or defendants, including Defendants TikTok and ByteDance who are named Defendants in the Anderson Action, of this potential MDL and thus was not aware of these deadlines until they had passed. Notwithstanding the August 30, 2022 date for Responses, Plaintiff Anderson respectfully requests the Panel's indulgence to file this Response for the limited purpose of opposing the inclusion of the Anderson Action (and potentially similar actions) in any such potential MDL due to the fundamentally different nature of the Anderson Action from those the plaintiffs are seeking consolidation of here. Plaintiff Anderson takes no position as to whether the coordination or consolidation sought is proper or improper, only that the Anderson Action is clearly distinct and not subject to inclusion in any potential MDL.

II.     **The Anderson Action is materially distinct from those the plaintiffs are seeking consolidation of here, and does not share common questions of fact or law.**

The Anderson Action is a wrongful death action that arises from the death of 10-year-old Nylah Anderson that occurred when she attempted a viral TikTok challenge known as the "Blackout Challenge" that Defendants sent directly to Nylah through her For You Page ("FYP"). *See* Dkt. 63-3, Anderson Action Complaint. Defendants TikTok's and ByteDance's product—the

TikTok app and its associated algorithm(s)—utilizes a "system that delivers content to each user that is likely to be of interest to that particular user" and "each person's feed [also known as the FYP] is unique and tailored to that specific individual." *Id.* ¶ 3.  Defendants' algorithm(s) thus (1) determined the dangerous and deadly Blackout Challenge was likely to be of interest to 10-year-old Nylah Anderson, and (2) sent her the challenge by directly putting it on her FYP. *Id.* ¶ 4.  On May 12, 2022, Plaintiff the Anderson Action and brought strict product liability and negligence claims against TikTok and ByteDance, alleging that their product was defective due to the intentional delivery of the dangerous Blackout Challenge video to a 10-year-old who then attempted to mimic what she observed in said video and died. *Id.*

Plaintiff Anderson's claims against TikTok and ByteDance are clearly distinct from the "product liability, negligence, misrepresentation, fraud, unjust enrichment, breach of warranty, and infliction of emotional distress" claims that were brought by the plaintiffs seeking coordination or consolidation herein. *See* Dkt. 1 ¶ 2.  The claims that plaintiffs are seeking consolidation or coordination of are those related to allegations that the defendants' "social media products are intentionally designed to be addictive and utilize sophisticated algorithms, and other defectively designed and unreasonably dangerous features, to maximize user time and engagement" causing harm. *Id.* These claims are thus premised on the addictive qualities of the defendants' social media products.

In contrast, Plaintiff Anderson's claims are grounded in allegations that TikTok's and ByteDance's defectively designed product sent a specific harmful video to a child who died as a result. While the Anderson Action alleges that TikTok's and ByteDance's social media product is defectively designed, the factual underpinnings of Plaintiff Anderson's claims are vastly different than those of the plaintiffs seeking transfer and consolidation and thus there are limited,

if any, common questions of law and fact between the Anderson Action and those at issue in this potential MDL. Although it does not appear that any party believes that actions such as the Anderson Action[1]—discrete wrongful death actions premised on the defective TikTok product sending specific harmful videos to minors—should be included in this potential MDL, Plaintiff Anderson files the instant Interested Party Response to make that clear.

Plaintiff Anderson filed a Notice of Presentation of Oral Argument (Dkt. 66) and respectfully requests the opportunity to explain to the Panel that the Anderson Action should not be swept up in the potential MDL sought by plaintiffs.

Respectfully submitted,

Dated: 9/7/2022

*/s/ Jeffrey P. Goodman*
Jeffrey P. Goodman, Esq.
Saltz Mongeluzzi & Bendesky P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 496-8282
Fax: (215) 496-0999
Email: jgoodman@smbb.com

---

[1] Plaintiff Anderson's undersigned counsel also represents the families of a number of other minor victims who died attempting to mimic dangerous videos sent directly to them by the defective TikTok product, which have not been filed but which are under active investigation.