# Exhibit G

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **September 29, 2022**

LOCATION OF HEARING SESSION: Thomas F. Eagleton U.S. Courthouse
En Banc Courtroom, 28th Floor
111 South 10th Street
St. Louis, Missouri 63102

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.** Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue. Allocations will not be made or changed at the Hearing. Further details regarding how the Hearing Session will be

-2-

conducted shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **September 6, 2022.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States Court of Appeals for the Eight Circuit

# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

## HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on September 29, 2022, the Panel will convene a hearing session in St. Louis, Missouri, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c). **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.** Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton    Matthew F. Kennelly
David C. Norton    Roger T. Benitez
Dale A. Kimball    Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
September 29, 2022 -- St. Louis, Missouri

# SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3043 − **IN RE: ACETAMINOPHEN − ASD/ADHD PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Aujenai Thompson to transfer the following actions to a single district court and suggesting to the United States District Court for the Northern District of California or any other district selected by the Panel:

Western District of Arkansas

ROBERTS v. WAL−MART STORES, INC., C.A. No. 5:22−05108
HATFIELD v. WAL−MART STORES, INC., C.A. No. 5:22−05109

Central District of California

JOHNSON, ET AL. v. WALGREENS BOOTS ALLIANCE, ET AL.,
 C.A. No. 2:22−03864
MCKINNEY, ET AL. v. RITE AID CORPORATION, C.A. No. 2:22−03882

Northern District of California

MAGUIRE v. WAL−MART STORES, INC., C.A. No. 3:22−03238
GREENE, ET AL. v. SAFEWAY, INC., C.A. No. 4:22−03288
THOMPSON, ET AL. v. WALMART INC., C.A. No. 4:22−03408

District of Minnesota

SPRINGER, ET AL. v. COSTCO WHOLESALE CORPORATION,
 C.A. No. 0:22−01532

Western District of Missouri

FOLEY, ET AL. v. WAL−MART STORES, INC., C.A. No. 3:22−05040
JANSSEN, ET AL. v. CVS HEALTH CORPORATION, C.A. No. 4:22−00366
GADDIS, ET AL. v. WAL−MART STORES, INC., C.A. No. 4:22−00367
NICKLES, ET AL. v. WAL−MART STORES, INC., C.A. No. 4:22−00368
STAFFORD, ET AL. v. CVS HEALTH CORPORATION, ET AL., C.A. No. 4:22−00369
STAFFORD, ET AL. v. CVS HEALTH CORPORATION, ET AL., C.A. No. 4:22−00370

District of Nevada

CHAPMAN v. WALMART INC., C.A. No. 2:22−00919
MAGANA v. WALGREENS BOOTS ALLIANCE, ET AL., C.A. No. 2:22−00920

Western District of Washington

RUTLEDGE v. WAL−MART STORES, INC., C.A. No. 2:22−00777
GUZMAN v. WALGREENS CO., C.A. No. 2:22−00810

MDL No. 3044 − **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Alexander Berger, et al.; Emanuel Cervelli; Lawrence Daly; Jeffrey Fassler, et al.; Mark Goldman; Michael Head; Michael Insdorf, et al.; and Leslie Liberatore, et al., to transfer the following actions to the United States District Court for the Eastern District of New York:

Eastern District of Arkansas

WILSON, ET AL. v. EXACTECH, INC., C.A. No. 4:22−00136

District of Colorado

CARSON v. EXACTECH, INC., ET AL., C.A. No. 1:22−00919

District of Connecticut

PRAVIN v. EXACTECH, INC., ET AL., C.A. No. 3:22−00682

Eastern District of Louisiana

BILLUPS v. EXACTECH, INC., C.A. No. 2:22−01410

District of Maryland

MCBRIDE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−00615
HODGE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01026
FOXWELL, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01027
LAWS, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01206

    Eastern District of Missouri

MENEESE v. EXACTECH, INC., ET AL., C.A. No. 4:22−00546

    District of New Jersey

CERVELLI v. EXACTECH, INC., ET AL., C.A. No. 2:22−02967
HEAD v. EXACTECH, INC., ET AL., C.A. No. 3:22−02938

    Eastern District of New York

GOLDMAN v. EXACTECH, INC., ET AL., C.A. No. 1:22−01974
DALY v. EXACTECH, INC., ET AL., C.A. No. 1:22−01978
BERGER, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−03158
ALBERTI, ET AL. v. EXACTECH, INC., C.A. No. 2:22−00351
FASSLER, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 2:22−02633
AFZALI v. EXACTECH, INC., ET AL., C.A. No. 2:22−03455
CUNEO, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 2:22−03456

    Southern District of New York

PATTERSON v. EXACTECH, INC., C.A. No. 1:21−06231
LIBERATORE, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−01994
BURKE v. EXACTECH, INC., ET AL., C.A. No. 1:22−02086
AGRO v. EXACTECH, INC., ET AL., C.A. No. 1:22−02134
KREITZMAN v. EXACTECH, INC., ET AL., C.A. No. 1:22−04183
INSDORF, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 1:22−04885

    District of South Carolina

OXENDINE v. EXACTECH, INC., ET AL., C.A. No. 3:22−01231
DAVIS v. EXACTECH, INC., ET AL., C.A. No. 3:22−01236

    Northern District of Texas

MORRISON, ET AL. v. EXACTECH, INC., ET AL., C.A. No. 3:22−00880

MDL No. 3046 − **IN RE: U.S. POSTAL SERVICES NEXT GENERATION DELIVERY VEHICLE ACQUISITIONS PROGRAM RECORD OF DECISION LITIGATION**

Motion of defendants United States Postal Service and Louis DeJoy to transfer the following actions to the United States District Court for the District of Columbia:

  Northern District of California

CLEANAIRNOW, ET AL. v. DEJOY, ET AL., C.A. No. 3:22−02576
STATE OF CALIFORNIA, ET AL. v. UNITED STATES POSTAL SERVICE, ET AL.,
 C.A. No. 3:22−02583

  Southern District of New York

NATURAL RESOURCES DEFENSE COUNCIL, INC., ET AL. v. DEJOY, ET AL.,
 C.A. No. 1:22−03442

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Motion of plaintiff Brianna Murden to transfer the following actions to the United States District Court for the Northern District of Illinois or the United States District Court for the Western District of Missouri:

  Southern District of Alabama

ELY v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00268

  Northern District of California

RODRIGUEZ v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00401
HEFFNER v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−03849
ARANDA, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04209
MARTIN, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04286
SPENCE, ET AL. v. META PLATFORMS, INC., F/K/A FACEBOOK, INC.,
 C.A. No. 4:22−03294
SEEKFORD v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−03883
ROBERTS, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−04210
N, ET AL. v. META PLATFORMS, INC., C.A. No. 4:22−04283

  District of Colorado

HARRIS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01420
TESCH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01795
CAHOONE v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01848

 District of Delaware

GUERRERO v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00750

 Southern District of Florida

CHARLES v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−21721

 Northern District of Georgia

WADDELL v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00112

 Northern District of Illinois

ROTH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02968
WILLIAMS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03470
ISAACS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03883

 Southern District of Illinois

MURDEN v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01511

 Eastern District of Kentucky

WHITE v. META PLATFORMS, INC., ET AL., C.A. No. 5:22−00189

 Western District of Kentucky

CRAIG v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00087

 Western District of Louisiana

GILL, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02173

 Western District of Missouri

ESTEVANOTT v. META PLATFORMS, INC., ET AL., C.A. No. 6:22−03149

 District of Oregon

DOFFING v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00100

 Middle District of Tennessee

TANTON v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00411

    Northern District of Texas

CARTER, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01343

    Southern District of Texas

CAMACHO v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−01815

    Eastern District of Wisconsin

DAWLEY v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00444

MDL No. 3048 − **IN RE: KLAMATH RIVER BASIN LITIGATION**

Motion of Klamath Irrigation District to transfer the following actions to the United States District Court for the District of New Mexico or, in the alternative, the United States District Court for the District of Nevada:

    Northern District of California

YUROK TRIBE, ET AL. v. U.S. BUREAU OF RECLAMATION, ET AL.,
   C.A. No. 3:19−04405
YUROK TRIBE, ET AL. v. U.S. BUREAU OF RECLAMATION, C.A. No. 3:20−05891

    District of Oregon

KLAMATH IRRIGATION DISTRICT v. U.S. BUREAU OF RECLAMATION,
   C.A. No. 1:21−00504
KLAMATH TRIBES v. UNITED STATES BUREAU OF RECLAMATION,
   C.A. No. 1:21−00556
UNITED STATES OF AMERICA v. OREGON WATER RESOURCES DEPARTMENT,
   C.A. No. 1:21−01442
KLAMATH TRIBES v. UNITED STATES BUREAU OF RECLAMATION, ET AL.,
   C.A. No. 1:22−00680
UNITED STATES OF AMERICA v. KLAMATH DRAINAGE DISTRICT,
   C.A. No. 1:22−00962

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2151 − **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Xiaofen Ye to transfer of the following action to the United States District Court for the Central District of California:

<u>Northern District of Alabama</u>

YE v. TOYOTA MOTOR NORTH AMERICA, C.A. No. 7:22−00695

MDL No. 2627 − **IN RE: LUMBER LIQUIDATORS CHINESE−MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of defendant LL Flooring, Inc., to transfer the following actions to the United States District Court for the Eastern District of Virginia:

<u>Central District of California</u>

STEIN v. LL FLOORING, INC., ET AL., C.A. No. 2:22−04736

MDL No. 2744 − **IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION**

Motion of defendant FCA US LLC for remand, pursuant to 28 U.S.C. § 1407(a), of the following actions to their respective transferor courts:

<u>Eastern District of Michigan</u>

BROOKS v. FCA US LLC, C.A. No. 2:16−13677 (W.D. Missouri, C.A. No. 4:16−00862)
MACK, ET AL. v. FCA US LLC, C.A. No. 2:16−13678 (E.D. New York,
   C.A. No. 2:16−04133)
ANDOLLO, ET AL. v. FCA US LLC, C.A. No. 2:16−13681 (C.D. California,
   C.A. No. 5:16−01341)
LYND v. FCA US LLC, C.A. No. 2:16−13913 (N.D. New York, C.A. No. 1:16−00984)

MDL No. 2846 − **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Alfred Joseph Montalbano, Jr., to transfer of the following action to the United States District Court for the Southern District of Ohio:

District of Arizona

MONTALBANO v. HONOR HEALTH, ET AL., C.A. No. 2:22−01112

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Circle K Terminal Alabama LLC to transfer of the following action to the United States District Court for the District of South Carolina:

Northern District of Alabama

CIRCLE K TERMINAL ALABAMA LLC v. JOHNSON CONTROLS, INC.,
   C.A. No. 2:22−00583

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Debra L. Newsome, et al., to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Northern District of California

NEWSOME, ET AL. v. PHILIPS NORTH AMERICA, LLC, ET AL.,
   C.A. No. 4:22−04101

MDL No. 3026 − **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Tyeteanna Woods; Benjiman Cribb; and Ashia George, et al., to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

Eastern District of California

WOODS v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 2:22−00879
CRIBB v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 2:22−00913

District of District of Columbia

GEORGE, ET AL. v. CHILDREN'S NATIONAL MEDICAL CENTER,
   C.A. No. 1:20−03108

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard.  Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

    (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

    (i) the dispositive issue(s) have been authoritatively decided; or

    (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

    (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

    (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.