

SALTZ
MONGELUZZI
& BENDESKY PC
TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

JEFFREY P. GOODMAN
DIRECT DIAL 215-575-2970
JGOODMAN@SMBB.COM

September 22, 2022

**VIA .PDF EMAIL; Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov**
Hon. Paul S. Diamond,
14614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

>        *Re:*     *Tawainna Anderson, et al. v. TikTok, Inc., et al.*
>                  *EDPA No. 2:22-cv-01849-PD*

Dear Judge Diamond:

As Your Honor is aware, this office represents Plaintiff in the above-referenced action. Please accept this concise Letter Brief in further opposition to Defendants' Motion to Dismiss (DE 12). In the Motion to Dismiss, Defendants challenge this Court's personal jurisdiction. *See* DE 12-1 at 5-11. On September 21, 2022 Defendants waived their personal jurisdiction challenge and consented to this Court's jurisdiction by serving Plaintiff with substantive merits discovery requests. *See* **Exhibit A**, Defendants' Discovery to Plaintiff. "[A] party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Texas Eastern Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (citation omitted). Although Defendants' correspondence enclosing the discovery requests attempts to preserve their objection to this Court's jurisdiction, Defendants can't have it both ways. Defendants are unquestionably litigating the underlying merits and have consented to jurisdiction.

Thus, by virtue of affirmatively litigating the underlying merits of this case, Defendants have effectively consented to this Court's jurisdiction. For this reason and those stated in Plaintiff's briefs in opposition (DE 17, 22), Defendants' Motion to Dismiss on personal jurisdiction should be denied. The other remaining issues in Defendants' Motion to Dismiss are their arguments concerning the Communications Decency Act and whether the TikTok app is a product

Page 2
September 22, 2022

_____

under Pennsylvania products liability law.  These arguments are meritless for the reasons explained in Plaintiff's briefs (DE 17, 22), and Defendants' Motion to Dismiss should be denied.

      Thank you for your attention to this matter.  I am available at Your Honor's convenience should Your Honor have any questions or require any additional information.

           Respectfully submitted,

           _____
           Jeffrey P. Goodman, Esq.

Enclosure
cc: All Counsel via e-mail

# EXHIBIT "A"

CAMPBELL CONROY & O'NEIL

PROFESSIONAL CORPORATION

**CAMPBELL**
**TRIAL LAWYERS**

1205 WESTLAKES DRIVE
SUITE 330
BERWYN, PA 19312
TEL:  (610) 964-1900
FAX:  (610) 964-1981

100 N. 18TH STREET
SUITE 300
PHILADELPHIA, PA 19103
TEL:  (215) 564-0160
FAX:  (610) 964-1981

**JOSEPH E. O'NEIL**
**(610) 964-6388**
joneil@campbelltriallawyers.com

*Please direct all correspondence and deliveries to the Berwyn, PA office.*

September 21, 2022

<u>***Sent Via E-Mail***</u>
Jeffrey P. Goodman, Esquire
Samuel B. Dordick, Esquire
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
jgoodman@smbb.com
sdordick@smbb.com

Re:     <u>**Tawainna Anderson, et al. v. TikTok, Inc., et al**</u>.
        **U.S.D.C., Eastern District of PA, Docket No. 2:22-cv-01849-PD**

Dear Counsel:

        I write on behalf of Defendants TikTok Inc. and ByteDance Inc. (collectively, "TikTok"). As you are aware, TikTok filed a motion to dismiss on July 18, 2022 objecting to the Court's personal jurisdiction and raising other defenses.  *See* ECF No. 12.  To date, we have not received a ruling on TikTok's motion to dismiss.

        Consistent with Third Circuit precedent, TikTok maintains that discovery should be stayed through the resolution of the pending motion to dismiss.  *See* ECF No. 20 at 2-3 (citing cases). But recognizing that the Court has declined to stay discovery (ECF Nos. 19, 24, and 28), TikTok hereby serves its First Set of Interrogatories and First Set of Requests for Production to Plaintiff Tawainna Anderson. In serving these discovery requests, TikTok expressly reserves all rights and objections, including its objection to the Court's jurisdiction in this matter.

        Should you have any questions about TikTok's position, please feel free to contact me.

                        Very truly yours,

                        **CAMPBELL CONROY & O'NEIL, P.C.**

                        */s/ Joseph E. O'Neil*

                        Joseph E. O'Neil, Esquire

JEO/kh
Enclosures

cc (w/enc.):     All Counsel via e-mail

## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor, | |
| *Plaintiff*, | Case No.: 2:22-cv-01849-PD |
| vs. | |
| TIKTOK INC. AND BYTEDANCE, INC., | |
| *Defendants*. | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF TAWAINNA ANDERSON

Defendants TikTok Inc. and ByteDance Inc. (together, "Defendants"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby serve the following First Set of Interrogatories to Plaintiff Tawainna Anderson ("Plaintiff"). Plaintiff is required to answer the following Interrogatories separately and fully in writing within the time allowed by the Federal Rules of Civil Procedure. These Interrogatories are continuing, and Plaintiff is required to seasonably supplement her responses.

## DEFINITIONS

1.      The term "CHALLENGE" shall refer to any trend whereby

1

individuals participate in a specific activity, on any website, social media platform, or mobile application, INCLUDING but not limited to, the TIKTOK APPLICATION.

2.      The term "COMPLAINT" refers to the operative complaint filed by YOU against the Defendants in the LAWSUIT.

3.      The term "CONCERNING" includes concerning, constituting, containing, dealing with, describing, discussing, embodying, evidencing, mentioning, pertaining to, referring to, reflecting, regarding, relating to, showing, or summarizing, in any way or manner, or in any way logically or factually connecting with the matter described in the paragraph of these demands, INCLUDING documents attached to or used in the preparation of or concerning the preparation for the documents.

4.      The term DECEDENT refers to Nylah Anderson.

5.      The term "DESCRIBE WITH PARTICULARITY" means to provide: the date, time, and place of the event; a detailed description of the event or information requested; and the identity of all persons present for, or who have knowledge or information CONCERNING, the event or information requested.

6.      The term "IDENTIFY" shall have the following meanings:

a)      When used in reference to a person who is an individual, shall mean to

state the full name, present or last known address, telephone number, and present or last known position or business affiliation.

b)      When used in reference to a person who is a firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name, the legal form of such entity or organization, its present or last known address, and the identity of its chief executive officer, partners, or persons in equivalent positions.

c)      When used in reference to a communication shall mean to state the persons involved, the date, and the substance of the communication.

d)      When used in reference to documents shall mean to provide the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and/or recipient(s). Alternatively, if You are producing the document(s) in a bates numbered format, it is sufficient to identify the bates number of the document(s).

7.      The term "INCLUDING" shall be construed to mean "including but not limited to" as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

8.      The term "LAWSUIT" refers to the above-captioned matter, *Anderson v. TikTok Inc., et al.*, No. 2:22-cv-01849-PD (E.D. Pa.).

9. The term "PERSON" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, INCLUDING governmental bodies and agencies.

10. The term "TIKTOK APPLICATION" shall refer to the video-sharing platform distributed by TikTok Inc. that is used to create, share, and/or view short-form videos and that DECEDENT alleges use of in the COMPLAINT.

11. The terms "YOU," "YOUR," and "PLAINTIFF" refer to the answering named Plaintiff and include her agents, attorneys, employees, accountants, investigators, insurance carriers, representatives, and anyone else working on her behalf.

12. "HEALTH CARE FACILITY" as used herein shall mean any hospitals, clinics, outpatient facilities, offices, laboratories, pharmacies, substance abuse treatment centers, and all other locations at which medical care, treatment, or medication is provided by any Health Care Provider.

13. "EDUCATIONAL FACILITY" as used herein shall mean any educational institution including, but not limited to, public and private schools, elementary schools, middle schools, junior high schools, high schools, colleges, junior colleges, technical colleges, public and private universities, after school care, summer school or camps, enrichment activities, and community-based educational or rehabilitative programs.

14.     "HEALTH CARE PROVIDER" means any provider of health care, including physicians, osteopaths, medical doctors, pharmacotherapists, psychologists, neuro-psychologists, psychotherapists, psychiatrists, social workers, speech therapists, speech and language pathologists, occupational therapists, nurses, nurse practitioners, school nurses, school nurse practitioners, clinical nurse specialists, lay therapists, rehabilitation counselors, counselors, and alternative health care providers, including but not limited to chiropractors or acupuncturists.

15.     MOBILE-BASED   APPLICATION   OR   SOCIAL   MEDIA PLATFORM means any application downloaded to a device or any internet-based platform wherein users communicate, post, share, or view content. This definition is intended to include, but not be limited to, Facebook, Instagram, Snapchat, Twitter, and YouTube.

## INSTRUCTIONS

1.      Unless otherwise noted, each Interrogatory shall be construed independently, and no Interrogatory shall be viewed as limiting the scope of any other Interrogatory.

2.      In answering and responding to these Interrogatories, YOU shall furnish such information and/or documents in YOUR possession, custody, or control, INCLUDING information and/or documents that is in the possession, custody, or control of YOUR agents, investigators, consultants, and (subject to any

5

otherwise applicable privileges) attorneys.

3.     All responsive information and documents shall be produced in accordance with the Federal Rules of Civil Procedure, subject to any protocols or orders issued by the Court or agreed upon by the parties for the discovery of electronically stored information and hard copy documents.

4.     Where the context in the Interrogatories makes it appropriate, the singular shall include the plural and vice versa, the present tense shall be construed to include the past tense and vice versa, and all pronouns shall be construed to refer to the masculine, feminine or neutral gender, singular or plural, as necessary to make the Interrogatory more inclusive. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."

5.     YOUR obligation to respond to each of these Interrogatories is a continuing one. If, after responding to any Interrogatory, YOU obtain or become aware of any new or additional information pertaining to any Interrogatory contained herein, YOU must supplement YOUR answer in accordance with Federal Rule of Civil Procedure 26(e).

6.      If YOU choose to respond to an Interrogatory by identifying documents or records from which the answer may be derived, please identify (including by production numbers) the documents or records in which the responsive information may be located, in accordance with Federal Rule of Civil Procedure 33(d)(1).

7.      If YOU object to any part of an Interrogatory, set forth the basis for YOUR objection and respond to all parts of the Interrogatory to which YOU do not object.

8.      If YOU cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely, and state what knowledge, information, or belief YOU have concerning the unanswered portion of any such Interrogatory.

9.      The request that You state a "date," means to state the exact day, month, and year if known or ascertainable, or, if not, the best approximation (including relationship to other events).

## INTERROGATORIES

**INTERROGATORY NO. 1:** IDENTIFY each and every HEALTH CARE FACILITY and HEALTH CARE PROVIDER, whom DECEDENT ever consulted or whom provided DECEDENT with treatment, whether in-patient or out-patient, for any mental or physical assessment or examination, illness, injury, condition, or disability; the illness, injury, condition, or disability for which she sought or received examination, consultation, or treatment; the specialty of the HEALTH CARE PROVIDER; and the dates of all such examinations, consultations, and treatments.

**INTERROGATORY NO. 2:** IDENTIFY each and every EDUCATIONAL FACILITY, public or private, which DECEDENT attended and each and every PERSON who educated DECEDENT.

**INTERROGATORY NO. 3:** IDENTIFY each and every PERSON who possesses information about DECEDENT'S use of the TIKTOK APPLICATION, mobile-based applications, or social media.

**INTERROGATORY NO. 4:**   IDENTIFY each and every MOBILE-BASED APPLICATION OR SOCIAL MEDIA ACCOUNT Decedent possessed, the date such application was downloaded and/or account was opened, the frequency with which Decedent used the application or social media account, and any related usernames, handles, nicknames, or aliases used.

INTERROGATORY NO. 5: IDENTIFY each and every address at which Decedent lived and with whom.

INTERROGATORY NO. 6: DESCRIBE WITH PARTICULARITY each and every CHALLENGE that Decedent ever viewed, discussed, participated in, or expressed interest in from any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM.

INTERROGATORY NO. 7: DESCRIBE WITH PARTICULARITY each and every instance in which you viewed or Decedent shared with you the contents of her MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, including but not limited to her "For You Page," on the TIKTOK APPLICATION.

INTERROGATORY NO. 8: DESCRIBE WITH PARTICULARITY each and every category of damages YOU seek to recover in this LAWSUIT and state the value of any monetary compensation sought and identify the documents and evidence on which you rely in support of the claim.

INTERROGATORY NO. 9: IDENTIFY by URL each and every video, blog post, website, or social media post CONCERNING "blackout" or "choking" or "asphyxiation" or "strangulation" that Decedent accessed, viewed, shared, created, or posted.

INTERROGATORY NO. 10: IDENTIFY each and every instance of self-harm,

depression, suicidal ideation, body dysmorphia, eating disorder, or bullying that Decedent experienced and describe in detail.

INTERROGATORY NO. 11: IDENTIFY each and every PERSON in DECEDENT'S family and household who has experienced any incident of self-harm, depression, suicidal ideation, or suicide.

INTERROGATORY NO. 12:: DESCRIBE WITH PARTICULARITY DECEDENT'S activities, including the names of individuals with whom she had contact and any establishments she visited, between November 23, 2021 and December 7, 2021.

INTERROGATORY NO. 13: IDENTIFY each and every device by manufacturer, make, model and operating system, that Decedent used to access the TIKTOK APPLICATION or any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, and the dates, locations, and frequency with which Decedent used such device in the last five (5) years and the present location of each device.

INTERROGATORY NO. 14: IDENTIFY each and every PERSON with whom you have discussed this LAWSUIT or the facts underlying this LAWSUIT, INCLUDING but not limited to, friends, family members, news organizations, podcasts, bloggers, and attorneys.

INTERROGATORY NO. 15: DESCRIBE WITH PARTICULARITY each and

every lawsuit or proceeding in which YOU are or have been involved (either as a party, fact witness, expert witness, person who received recovery, or otherwise), INCLUDING all civil, criminal, domestic, bankruptcy, medical board, and/or other administrative proceedings.

For purposes of this Interrogatory (No. 15) only, DESCRIBE WITH PARTICULARITY means to provide: a detailed description of YOUR role or involvement in the lawsuit or proceeding (*i.e.*: party, fact witness, expert witness, etc.); the names of each party to the lawsuit or proceeding; the caption; the case number; the court or tribunal in which the lawsuit or proceeding was brought and the date it was filed; the nature or subject matter of the lawsuit or proceeding; and the disposition of the lawsuit or proceeding (including, to the extent criminal, information regarding any sentence rendered).

Dated: September 21, 2022

Respectfully submitted,

*/s/Joseph E. O'Neil*_____
Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
Telephone: (215) 564-0160
Facsimile: (610) 964-1981

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Counsel for TikTok Inc. and ByteDance Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of September, 2022, a true and correct copy of the foregoing **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF TAWAINNA ANDERSON** was served via e-mail on the following counsel of record:

Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

*Counsel for Plaintiff*

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Western Reserve
Law Building
Mentor, OH 44060
madicello@dicellolevitt.com

*Counsel for Plaintiff*

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Joseph E. O'Neil*
　　　Joseph E. O'Neil, Esquire

13

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor,

               *Plaintiff*,

    vs.

TIKTOK INC. AND BYTEDANCE, INC.,

               *Defendants.*

Case No.: 2:22-cv-01849-PD

## DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF TAWAINNA ANDERSON

Defendants TikTok Inc. and ByteDance Inc. (together, "Defendants"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serve the following Requests for Production of Documents ("Requests") on Plaintiff Tawainna Anderson ("Plaintiff"). Plaintiffs are hereby requested and required to separately respond to the following Requests for Production within thirty (30) days.

These Requests are deemed to be continuing in nature. *See* Fed. R. Civ. P. 26(e).

## DEFINITIONS

1.      The term "CHALLENGE" shall refer to any trend whereby

individuals participate in a specific activity, on any website, any social media platform, or mobile application, INCLUDING but not limited to, the TIKTOK APPLICATION.

2.     The term "COMMUNICATION" is used in the broadest possible sense and means any disclosure, transfer, transmittal, or exchange of oral or written information between one or more persons or entities.

3.     The term "COMPLAINT" refers to the operative complaint filed by YOU against the Defendants in the LAWSUIT.

4.     The term "CONCERNING" includes concerning, constituting, containing, dealing with, describing, discussing, embodying, evidencing, mentioning, pertaining to, referring to, reflecting, regarding, relating to, showing, or summarizing, in any way or manner, or in any way logically or factually connecting with the matter described in the paragraph of these demands, INCLUDING documents attached to or used in the preparation of or concerning the preparation for the documents.

5.     DECEDENT refers to Nylah Anderson.

6.     DOCUMENT" or "DOCUMENTS" means any "writings" or "recordings" as defined herein, including letters, words, numbers, or their equivalent, or other form of data compilation.  As used herein, "document" shall

include originals, all non-identical copies (whether different from the original because of handwritten notes or underlining or otherwise) of any kind of written, printed, typed, electronically created or stored documentary material, or drafts thereof, including but not limited to calendars, computer disks, computer files, correspondence, diaries, dictation belts, e-mails, memoranda, notes, notes of telephone conversations, notes of any oral communications, phone-mails, photographs, publications, telegrams, transcripts, videotapes, voice tapes, web pages, text messages (including SMS and MMS messages), chat messages (including any chat messages sent through a MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM), and any translation of any document.

7.     "EDUCATIONAL FACILITY" as used herein shall mean any educational institution including, but not limited to, public and private schools, elementary schools, middle schools, junior high schools, high schools, colleges, junior colleges, technical colleges, public and private universities, after school care, summer school or camps, enrichment activities, and community-based educational or rehabilitative programs.

8.     The term "INCLUDING" shall be construed to mean "including but not limited to" as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

9.     The term "LAWSUIT" refers to the above-captioned matter,

*Anderson v. TikTok Inc., et al.*, No. 2:22-cv-01849-PD (E.D. Pa.).

10.     MOBILE-BASED   APPLICATION   OR   SOCIAL   MEDIA PLATFORM means any application downloaded to a cellular device or any internet-based platform wherein users communicate, share, or view content. This definition is intended to include, but not be limited to, Facebook, Instagram, Snapchat, Twitter, and YouTube.

11.     The term "PERSON" refers to any individual, corporation, proprietorship, association, joint venture, company, partnership, or other business or legal entity, INCLUDING governmental bodies and agencies.

12.     The term "TIKTOK APPLICATION" shall refer to the video-sharing platform distributed by TikTok Inc. that is used to create, share, and/or view short-form videos and that DECEDENT alleges use of in the COMPLAINT.

13.     The terms "YOU," "YOUR," and "PLAINTIFF" refer to the answering named Plaintiff and include her agents, attorneys, employees, accountants, investigators, insurance carriers, representatives, and anyone else working on her behalf.

## **INSTRUCTIONS**

1.     Unless otherwise noted, each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other

4

Request.

2.      In answering and responding to these Requests, YOU shall furnish such information and/or DOCUMENTS in YOUR possession, custody, or control, INCLUDING information and/or DOCUMENTS that is in the possession, custody, or control of YOUR agents, investigators, consultants, and (subject to any otherwise applicable privileges) attorneys.

3.      All responsive information and documents shall be produced in accordance with the Federal Rules of Civil Procedure, subject to any protocols or orders issued by the Court or agreed upon by the parties for the discovery of electronically stored information and hard copy documents.

4.      All DOCUMENTS requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

5.      Any comments, notations or markings appearing on any DOCUMENT, and not a part of the original, are considered a separate DOCUMENT, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT.

6.      Where the context in the Request makes it appropriate, the singular shall include the plural and vice versa, the present tense shall be construed to include the past tense and vice versa, and all pronouns shall be construed to refer to

the masculine, feminine or neutral gender, singular or plural, as necessary to make the Request more inclusive. The words "any," "and," and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."

7.      YOUR obligation to respond to each of these Requests is a continuing one. If, after responding to any Request, YOU obtain or become aware of any new or additional information pertaining to any Request contained herein, YOU must supplement YOUR answer in accordance with Federal Rule of Civil Procedure 26(e).

8.      If YOU object to any part of a Request, set forth the basis for YOUR objection and respond to all parts of the Request to which YOU do not object.

9.      If YOU cannot fully respond to the following Requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely, and state what knowledge, information, or belief YOU have concerning the unanswered portion of any such Request.

6

10.     In the event that any DOCUMENT called for by these Requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:  date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT.

## REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Signed releases and authorizations for records in the forms attached as **Appendix A**.

REQUEST FOR PRODUCTION NO. 2: All documents identified, disclosed, referenced, or relied upon by Plaintiff in answering Defendants' First Interrogatories to Plaintiff.

REQUEST FOR PRODUCTION NO. 3: All DOCUMENTS CONCERNING any care or treatment received by DECEDENT from any HEALTHCARE PROVIDER or at any HEALTH CARE FACILITY, INCLUDING but not limited to: medical records, insurance records, mental health or psychotherapy records, genetic testing results, and pharmacy records.

REQUEST FOR PRODUCTION NO. 4: All DOCUMENTS CONCERNING DECEDENT'S performance or behavior at any EDUCATIONAL FACILITY she

attended.

REQUEST FOR PRODUCTION NO. 5: A forensic image of each and every device that DECEDENT used to access any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 6:  A forensic image of each and every device that YOU use to access any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 7: The application download history of every device that DECEDENT used to access any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 8: DOCUMENTS sufficient to show each and every account DECEDENT registered on, or otherwise used to access any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 9: All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and any other PERSON CONCERNING any CHALLENGE.

REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS CONCERNING any COMMUNICATIONS between YOU and any other PERSON CONCERNING

any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 11: All DOCUMENTS CONCERNING any COMMUNICATIONS between DECEDENT and any other PERSON CONCERNING any CHALLENGE.

REQUEST FOR PRODUCTION NO. 12: All DOCUMENTS CONCERNING any COMMUNICATIONS between DECEDENT and any other PERSON CONCERNING any MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING the TIKTOK APPLICATION.

REQUEST FOR PRODUCTION NO. 13: All DOCUMENTS, INCLUDING news articles or segments, emails, social media posts, posts on the TIKTOK APPLICATION, blog posts, or other written COMMUNICATIONS, that were either prepared by YOU or on YOUR behalf or that YOU received CONCERNING this LAWSUIT.

REQUEST FOR PRODUCTION NO. 14: All DOCUMENTS CONCERNING COMMUNICATIONS between YOU (or YOUR attorneys) and any PERSON identified in response to Interrogatory No. 14 CONCERNING the TIKTOK APPLICATION, any CHALLENGE, the allegations in YOUR COMPLAINT, or this LAWSUIT.

REQUEST FOR PRODUCTION NO. 15: All reports, memoranda, DOCUMENTS or other tangible or intangible objects in your possession custody or control collected by or prepared by the Chester Township Police Department or any other law enforcement in connection with investigating DECEDENT'S injury on December 7, 2021 and subsequent death.

REQUEST FOR PRODUCTION NO. 16: All DOCUMENTS that YOU or DECEDENT have received from Defendants, INCLUDING any user policies, letters, promotional materials, and/or marketing materials.

REQUEST FOR PRODUCTION NO. 17: All DOCUMENTS that YOU or DECEDENT have received from MOBILE-BASED APPLICATION OR SOCIAL MEDIA PLATFORM, INCLUDING any user policies, letters, promotional materials, and/or marketing materials.

REQUEST FOR PRODUCTION NO. 18: Any diary, journal, blog, or regular record of activities, thoughts, feelings, or impressions that DECEDENT maintained or that YOU maintained.

REQUEST FOR PRODUCTION NO. 19: All DOCUMENTS CONCERNING COMMUNICATIONS YOU had with YOUR counsel or any other attorney before the establishment of the attorney-client relationship CONCERNING this

LAWSUIT, the potential for this LAWSUIT, the TIKTOK APPLICATION, any CHALLENGE, or any facts alleged in the COMPLAINT.

REQUEST FOR PRODUCTION NO. 20: All non-privileged DOCUMENTS CONCERNING any litigation financing requested, received, or otherwise used by YOU in this LAWSUIT.

REQUEST FOR PRODUCTION NO. 21: All DOCUMENTS that YOU received in connection with any subpoena or third-party document request issued by YOU or on YOUR behalf in this LAWSUIT.

REQUEST FOR PRODUCTION NO. 22: All documents in YOUR possession CONCERNING the TIKTOK APPLICATION, any CHALLENGE, or the allegations in YOUR COMPLAINT obtained pursuant to a Freedom of Information Act ("FOIA") request.

REQUEST FOR PRODUCTION NO. 23: All DOCUMENTS YOU reviewed and/or relied on in deciding to bring this LAWSUIT.

REQUEST FOR PRODUCTION NO. 24: All DOCUMENTS in YOUR possession, custody, and control that underlie, support, or relate to any allegation in YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 25: Copies of letters testamentary, letters of administration, powers of attorney, guardianship or guardian ad litem orders or other documents relating to YOUR status as Plaintiff.

REQUEST FOR PRODUCTION NO. 26: DECEDENT'S death certificate.

REQUEST FOR PRODUCTION NO. 27: Report of autopsy of DECEDENT.

REQUEST FOR PRODUCTION NO. 28: DECEDENT'S birth certificate.

REQUEST FOR PRODUCTION NO. 29: DOCUMENTS reflecting any attorney advertisements that alerted you to the potential claims asserted in this LAWSUIT or that impacted the decision to contact, hire, or retain a particular law firm in connection with this LAWSUIT.

REQUEST FOR PRODUCTION NO. 30: All DOCUMENTS CONCERNING any alleged damages YOU seek to recover in this LAWSUIT.

REQUEST FOR PRODUCTION NO. 31: All DOCUMENTS, INCLUDING pleadings, transcripts, or other records, CONCERNING each and every lawsuit or proceeding in which YOU have been involved (either as a party, witness, or otherwise).

REQUEST FOR PRODUCTION NO. 32: All insurance policies, settlement agreements, guarantees, releases, covenants not to sue, or similar documents related to the incident that forms the basis of this lawsuit.

REQUEST FOR PRODUCTION NO. 33: Any and all DOCUMENTS, including emails, personal or professional letters, diaries, calendars, journals, logs, date books, video or audio tapes, text messaging services, mobile phone applications, instate messaging services, and personal Internet-based social and/or professional networking accounts, including but not limited to, postings on Facebook, MySpace, Twitter, Instagram, Vine, TikTok, Cameo, Twitch, YouTube, chat rooms, discussion boards, blogs, or any other form of social media used, or other documents, materials, or things of YOURS, DECEDENT'S, or any other member of your family and immediate household, relating to the circumstances and events (including but not limited to the DECEDENT'S injury, medical care, treatment, and death, and YOUR economic and noneconomic damages claimed) as referenced in the LAWSUIT.

REQUEST FOR PRODUCTION NO. 34: Any and all books, documents, newspaper articles, magazine articles, scientific reports, or other tangible things in your possession custody or control that support the allegations made in YOUR Complaint and/or support a position that you have taken or intend to take in the LAWSUIT.

REQUEST FOR PRODUCTION NO. 35: All recordings, photographs, videos, or other audio/visual representations that relate to YOUR claims in the LAWSUIT.

REQUEST FOR PRODUCTION NO. 36: All statements taken from Defendants' employees, all documents relating to any and all conversations with Defendants' employees, and all recordings of any conversations with Defendants' employees. As used in this Request, employees includes past and present employees.

REQUEST FOR PRODUCTION NO. 37: Any documents that concern or reflect communications between YOU (or YOUR attorneys) and any media organization that relate to the incident that forms the basis of the LAWSUIT.

REQUEST FOR PRODUCTION NO. 38: Any DOCUMENTS that reflect YOUR COMMUNICATIONS with any of the DECEDENT'S health care providers regarding her mental health (before or after her death) and/or her death.

Dated: September 21, 2022                    Respectfully submitted,

*/s/Joseph E. O'Neil*_____
Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
Telephone: (215) 564-0160
Facsimile: (610) 964-1981

Albert Giang *(Pro Hac Vice)*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Counsel for TikTok Inc. and ByteDance Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of September, 2022, a true and correct copy of the foregoing **DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF TAWAINNA ANDERSON** was served via e-mail on the following counsel of record:

Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

*Counsel for Plaintiff*

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Western Reserve
Law Building
Mentor, OH 44060
madicello@dicellolevitt.com

*Counsel for Plaintiff*

**CAMPBELL CONROY & O'NEIL, P.C.**

By: */s/ Joseph E. O'Neil*
   Joseph E. O'Neil, Esquire

16