**CAMPBELL CONROY & O'NEIL**
PROFESSIONAL CORPORATION

1205 WESTLAKES DRIVE
SUITE 330
BERWYN, PA 19312
TEL: (610) 964-1900
FAX: (610) 964-1981

100 N. 18TH STREET
SUITE 300
PHILADELPHIA, PA 19103
TEL: (215) 564-0160
FAX: (610) 964-1981

**CAMPBELL TRIAL LAWYERS**

**JOSEPH E. O'NEIL**
(610) 964-6388
joneil@campbelltriallawyers.com

*Please direct all correspondence and deliveries to the Berwyn, PA office.*

September 22, 2022

<u>*Sent Via PDF E-mail*</u>
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

The Honorable Paul S. Diamond
U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
U.S. Courthouse
601 Market Street, Room 14614
Courtroom 14-A
Philadelphia, PA 19106

**Re:    <u>Tawainna Anderson, et al. v. TikTok, Inc., et al</u>.
         <u>U.S.D.C., Eastern District of PA, Docket No. 2:22-cv-01849-PD</u>**

Dear Judge Diamond:

I write on behalf of Defendants TikTok Inc. and ByteDance Inc. (together, "TikTok") in response to Plaintiff Tawainna Anderson's September 22, 2022 letter (ECF No. 29).

Plaintiff's position that "Defendants waived their personal jurisdiction challenge and consented to this Court's jurisdiction" by serving discovery requests is wrong. *Id.* at 1. In this district, as elsewhere, a defendant does not waive a personal jurisdiction defense when it "only instituted discovery to meet the court's discovery deadline if the action is not dismissed." *Paul Yanuzzi Builders v. Music Mountain Assoc., LLC*, 2003 WL 925368, at *2 (E.D. Pa. 2003); *see also Nat'l Expositions, Inc. v. DuBois*, 97 F.R.D. 400, 403 (W.D. Pa. 1983) ("The participation by these Defendants in such pre-answer discovery does not, of itself, constitute a waiver of any objection that they may have as to the lack of this Court's jurisdiction."); *Vitalis v. Crowley Caribbean Servs., LLC*, 2021 WL 4494192, at *3 (D.V.I. Sept. 30, 2021) (no waiver).

TikTok's service of interrogatory requests and requests for production was necessary to conditionally preserve its ability to obtain discovery within the potential deadlines applicable to this case. TikTok expressly preserved its pending jurisdiction

CONNECTICUT · FLORIDA · MAINE · MASSACHUSETTS · NEW HAMPSHIRE · NEW JERSEY · PENNSYLVANIA · RHODE ISLAND



defense in the cover letter with its discovery requests. *See* ECF No. 29, Ex. A ("TikTok expressly reserves all rights and objections, including its objection to the Court's jurisdiction in this matter."). And TikTok "contested personal jurisdiction in [its] responsive pleading and ha[s] not filed any motion or demonstrated other intent to submit to the jurisdiction of this court beyond the *minimal action* of requesting discovery." *Paul Yanuzzi Builders*, 2003 WL 925368, at *2 (emphasis added). That, as other courts have also explained, does not waive personal jurisdiction.

In any event, no court has adopted Plaintiff's concept of waiver based on the service of "substantive merits discovery," and Plaintiff does not cite any authority for that proposition. ECF No. 29 at 1. Instead, courts consider whether a defendant has "actually litigate[d] the underlying merits or demonstrate[d] a willingness to engage in extensive litigation in the forum." *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994). TikTok has not.

*First*, TikTok has not filed a motion for summary judgment or otherwise litigated the "underlying merits" of the suit. *See id.* (describing ways that a party may "actually litigate" the merits). To the contrary, TikTok filed a motion to dismiss and a request for stay, and has not asked the Court to make any factual determinations or do anything but dismiss the case on the pleadings and otherwise stay the proceedings pending that decision. *See id.*

*Second*, TikTok has raised its personal jurisdiction objection at every opportunity. Before serving discovery, TikTok moved to dismiss in part for lack of personal jurisdiction. *See* ECF 12. It sought an agreement from Plaintiff for a stay pending its motion to dismiss (which Plaintiff refused). TikTok also filed a letter requesting a stay of discovery pending its motion to dismiss with this Court, which this Court did not grant. *See* ECF 20. Meanwhile, Plaintiff continues to press discovery against TikTok, including twice filing letter motions with this court. *See* ECF 18, 23. This Court has not set a status conference or case management conference, and TikTok is mindful of the short window of time for discovery contemplated in this Court's standing order. *See* ECF 6 at 4 ("30 to 75 days will be sufficient time for discovery"). At the time that TikTok served its discovery, it submitted a letter indicating it preserved and intended to maintain its personal jurisdiction objection. *See* ECF No. 29, Ex. A.

The Honorable Paul S. Diamond
September 22, 2022
Page 3



      Because none of TikTok's conduct has indicated it intends to waive its personal jurisdiction defense, TikTok respectfully requests that this Court deny Plaintiff's requested relief and strike Plaintiff's letter. TikTok is available to discuss at the Court's convenience.

                                      Respectfully,

                                      **CAMPBELL CONROY & O'NEIL, P.C.**

                                      */s/ Joseph E. O'Neil*

JEO/kh                                Joseph E. O'Neil, Esquire
cc:    All Counsel via e-mail