IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor<br><br>*Plaintiff,*<br><br>v.<br><br>TIKTOK, INC. AND BYTEDANCE, INC.<br><br>*Defendants*. | No. 2:22-cv-01849-PD |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI & BENDESKY, P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 496-8282
rjmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

Mark A. DiCello
**DICELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel.: (440) 953-8888
madicello@dicellolevitt.com

Dated: October 17, 2022

## BACKGROUND

Plaintiff, Tawainna Anderson, Individually and as Administratrix of the Estate of Nylah Anderson, a deceased minor ("Plaintiff") respectfully moves for leave to amend her Complaint in order to clarify the narrow scope of her claims against Defendants TikTok, Inc. and ByteDance, Inc. ("TikTok" or "Defendants"). Plaintiff has been clear that the gravamen of her claim is that "Defendants' app and algorithm are defectively designed products that knowingly delivered a dangerous video to a vulnerable 10-year-old girl." *See* DE 22 at 5; *see also id.* ("Plaintiff's case is, and always has been, about how Defendants' defectively designed product functioned to send the dangerous video directly to Nylah."). Despite this, Defendants are now highlighting dicta in Plaintiff's Complaint concerning the allegedly addictive qualities of Defendants' TikTok app in an effort to drag this case into a recently formed MDL. The allegations nitpicked by Defendants are immaterial to Plaintiff's claims in this case, and the Amended Complaint Plaintiff seeks to file clarifies that ***Plaintiff's claims and liability theories are not premised upon addiction***. *See* **Exhibit A**, proposed Amended Complaint; **Exhibit B**, redlined copy of proposed Amended Complaint.

On October 6, 2022, the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel") established *In re: Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 in the United States District Court for

the Northern District of California. *See* DE 32-3, Transfer Order. Defendants are now attempting to drag this action into MDL No. 3047 by relying on the dicta in Plaintiff's Complaint concerning addiction. *See generally* DE 32, 32-1. Plaintiff's claims and legal theories are not founded upon addiction, and Defendants know it. *See* DE 12-1 at 14 (stating in their Motion to Dismiss, "generic references to 'addiction' to various forms of 'social media'—***none of which link to Nylah's particular circumstances or death***[.]") (emphasis added).

Accordingly, to clarify the scope of Plaintiff's claims and avoid any confusion as to whether they are founded upon the allegedly addictive qualities of Defendants' app (they are not), Plaintiff now seeks leave to file an Amended Complaint. Importantly, this amendment will not in any way impact the pending Motion to Dismiss (DE 12) as the arguments raised in that Motion and in the Response (DE 17) and Replies (DE 21, 22) do not address any of the addiction-related allegations the proposed Amended Complaint removes.

## ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "This standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party. Only when

2

these factors suggest that an amendment would be 'unjust' should the court deny leave." *Borough of Quakertown v. Verizon Communications, Inc.*, 380 F. Supp. 3d 461, 462 (E.D. Pa. 2019) (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006)).  Other equitable factors courts should consider include, bad faith, dilatory motive by the plaintiff, repeated failure to cure deficiencies, and futility of an amendment.  *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  A grant or denial of a motion for leave to file an amended complaint is within the discretion of the District Court, however "if the court denies such a motion, it must have 'justifying reason' for doing so."  *Id.* (quoting *Foman*, 371 U.S. at 182).

Plaintiff's counsel reached out to counsel for Defendants and inquired as to whether Defendants would consent to this amendment, but Defendants have not yet advised as to their position.  Respectfully, Plaintiff should be granted leave to amend her Complaint.  Plaintiff has not delayed in seeking this amendment and there is no prejudice to Defendants whatsoever.  In an effort to provide significant background information concerning Defendants' TikTok app, Plaintiff's Complaint contained dicta related to the allegedly addictive qualities of the app.  Despite this dicta, however, it initially appeared that there was no disagreement between the Parties or confusion by Defendants that Nylah Anderson's death and Plaintiff's core legal theories and allegations in this case were not premised upon addiction or the allegedly addictive qualities of Defendants' app.  *See* DE 12-1 at 14 (Defendants

acknowledging in their Motion to Dismiss that the Complaint contained "generic references to 'addiction' to various forms of 'social media'[,]" but "***none of which link to Nylah's particular circumstances or death***[.]") (emphasis added).  As it appeared that there was no confusion that the dicta in Plaintiff's Complaint was immaterial to the crux of her legal claims, there was no need to expend the Court's and the Parties' time and resources pursuing an amendment.  Now, however, Defendants have completely reversed course and claim that Plaintiff's case is founded upon addiction and "seeks to impose liability on that theory."  *See* DE 32-1 at 2.  Plaintiff files the instant Motion for Leave to Amend in light of Defendants' new and contradictory position.  There has been no delay.

      There is no conceivable prejudice to Defendants.  Plaintiff is not adding allegations or claims and is not adding any new factual averments.  Rather, the amendment sought only removes dicta that is immaterial to Plaintiff's legal claims.  Indeed, the amendments will have no impact whatsoever on the pending Motion to Dismiss (DE 12) as it was abundantly clear to Defendants when they filed the Motion to Dismiss that Plaintiff's claims were not premised upon addiction and the allegedly addictive qualities of Defendants' app, and thus none of the legal arguments raised related thereto. The Amended Complaint Plaintiff seeks to file will actually benefit Defendants in that it will clarify the scope of Plaintiff's claims.  Defendants will suffer no prejudice.

The other equitable factors the Court should consider (bad faith, dilatory motive by the plaintiff, repeated failure to cure deficiencies, and futility of an amendment) likewise weigh in favor of granting leave to amend. There is no bad faith or dilatory motive by Plaintiff here as the amendment will merely clarify that Plaintiff's claims are not premised on any allegations of addiction—a fact which was explicitly understood by Defendants until their recent course reversal. *See* DE 12-1 at 14. Plaintiff has not repeatedly failed to cure deficiencies, and this is the first time Plaintiff has sought leave to amend. Lastly, this amendment cannot possibly be characterized as futile given that it is removing irrelevant allegations and cementing the fact that Plaintiff's legal claims are not premised upon addiction.

Plaintiff respectfully submits that granting leave to amend would not be "unjust" under consideration of the aforementioned factors and leave to amend should therefore be granted. *Borough of Quakertown*, 380 F. Supp. 3d at 462 (quoting *Arthur*, 434 F.3d at 203).

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests leave to file the proposed Amended Complaint attached hereto as **Exhibit A**.

Dated: October 17, 2022							Respectfully submitted,

*/s/ Jeffrey P. Goodman*
Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI**
**& BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 496-8282
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Western Reserve
Law Building
Mentor, OH 44060
Tel: (440) 953-8888
madicello@dicellolevitt.com

*Counsel for Plaintiff*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 17, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                  */s/ Jeffrey P. Goodman*