IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor<br><br>*Plaintiff,*<br><br>v.<br><br>TIKTOK, INC. AND BYTEDANCE, INC.<br><br>*Defendants*. | No. 2:22-cv-01849-PD |

PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
<u>TRANSFER TO MDL NO. 3047</u>

Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI &
BENDESKY, P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 496-8282
rjmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

Mark A. DiCello
**DICELLO LEVITT GUTZLER LLC**
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060
Tel.: (440) 953-8888
madicello@dicellolevitt.com

Dated: October 18, 2022

## RESPONSE

On October 6, 2022, the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel") established *In re: Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 in the United States District Court for the Northern District of California.  *See* DE 32-3.  The Panel found that centralization was appropriate due, in part, to the fact that the actions before the Panel all involved common factual allegations that the defendants' social media platforms are defective because they "encourage addictive behavior in adolescents." *See* DE 32-3 at 2.  Defendants TikTok, Inc. and ByteDance, Inc. ("Defendants" or "TikTok") are attempting to drag this action into MDL No. 3047 by relying on the *dicta* in Plaintiff's Complaint concerning addiction.  *See generally* DE 32, 32-1. Plaintiff's claims and legal theories are not founded upon addiction, and Defendants know it.  *See* DE 12-1 at 14 (stating in their Motion to Dismiss, "generic references to 'addiction' to various forms of 'social media'—***none of which link to Nylah's particular circumstances or death***[.]") (emphasis added).  As this Court is aware, Plaintiff's theory against TikTok is that the app should never have sent a dangerous video providing instructions on how to asphyxiate yourself to a 10-year-old.  This theory is unchanged whether it was Nylah Anderson's first time using the TikTok app or whether she was addicted to it.

On October 11, 2022, the JPML issued a Conditional Transfer Order (CTO-1) and served it on the parties in this case. *See* **Exhibit A**, Conditional Transfer Order (CTO-1). On October 18, 2022, Plaintiff filed a Notice of Opposition to Conditional Transfer Order (CTO-1) with the JPML. *See* **Exhibit B**, Notice of Opposition to CTO-1. Plaintiff's Motion to Vacate CTO-1 and brief in support are due on November 1, 2022, and Plaintiff will thoroughly explain therein the reasons why this action does not belong in MDL No. 3047 and the Panel will ultimately determine whether this action will be transferred to the Northern District of California as a tag-along action in MDL No. 3047.

On October 17, 2022, Plaintiff filed a Motion for Leave to Amend Complaint requesting leave to amend Plaintiff's Complaint to remove the *dicta* concerning the allegedly addictive qualities of the TikTok app. *See* DE 33. Plaintiff respectfully submits that the stay requested by Defendants should not preclude this Court from ruling on Plaintiff's Motion for Leave to Amend Complaint and, if granted, the filing of Plaintiff's Amended Complaint.

Dated: October 18, 2022　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Jeffrey P. Goodman*
　　　　　　　　　　　　　　　　　　Robert J. Mongeluzzi
　　　　　　　　　　　　　　　　　　Jeffrey P. Goodman
　　　　　　　　　　　　　　　　　　Samuel B. Dordick
　　　　　　　　　　　　　　　　　　Rayna McCarthy
　　　　　　　　　　　　　　　　　　**SALTZ MONGELUZZI**
　　　　　　　　　　　　　　　　　　**& BENDESKY P.C.**
　　　　　　　　　　　　　　　　　　One Liberty Place

> 1650 Market Street, 52nd Floor
> Philadelphia, Pennsylvania 19103
> Tel: (215) 496-8282
> rmongeluzzi@smbb.com
> jgoodman@smbb.com
> sdordick@smbb.com
> rmccarthy@smbb.com
>
> Mark A. DiCello
> **DiCELLO LEVITT GUTZLER LLC**
> 7556 Mentor Avenue
> Western Reserve
> Law Building
> Mentor, OH 44060
> Tel: (440) 953-8888
> madicello@dicellolevitt.com
>
> *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey P. Goodman*
