**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor, | |
| *Plaintiff*, | Case No.: 2:22-cv-01849-PD |
| vs. | |
| TIKTOK INC. AND BYTEDANCE, INC., | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Counsel for TikTok Inc. and ByteDance Inc.*

October 19, 2022

Defendants TikTok Inc. and ByteDance Inc. (collectively, "TikTok"), by and through undersigned counsel, hereby submit the following opposition to Plaintiff's Motion for Leave to Amend Complaint (ECF No. 33). Plaintiff's motion is a transparent and futile attempt to avoid transfer to the recently created multidistrict litigation ("MDL"), *In re: Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047. This Court should decline to consider Plaintiff's motion. Instead, it should stay this case pending the resolution of the conditional transfer process that is already underway before the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel"). *See* ECF No. 32 (Motion to Stay Proceedings).

If the Court reaches the merits of Plaintiff's motion, however, it should deny Plaintiff's request for leave to amend the Complaint at this time. Plaintiff's attempt to amend the Complaint does not respond to arguments TikTok raised in its Motion to Dismiss or otherwise add factual allegations. Instead, it is made in bad faith, solely as part of a futile attempt to avoid transfer to the MDL proceeding.

## **BACKGROUND**

Plaintiff's attempt to amend her Complaint comes in the wake of the JPML's Order transferring cases involving social media addiction to a centralized proceeding in the Northern District of California. *See* Ex. A ("Transfer Order"). After a hearing on September 26, 2022, the JPML issued its Transfer Order:

- The Panel defined the MDL to address shared common questions of fact, including whether platforms "encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content." *See id.* at 2.

- In support of the MDL, the Panel further noted that "[c]entralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to motions to dismiss and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary." *Id.*

- Finally, the Panel made clear it was "inclined to believe that the MDL should include the potentially related actions alleging that defendants' social media platforms encourage addiction in adolescents—even if they do not name the Meta defendants. . . . Among these is the *Anderson* case, in which plaintiff opposes inclusion in the MDL." *Id.* at 2-3.

This action was included in a Conditional Transfer Order ("CTO") by the Panel on October 11, 2022. *See* Ex. B ("CTO-1"). On October 18, 2022, Plaintiff filed a notice of opposition to the CTO-1. On the same day, Plaintiff filed a Response to TikTok's Motion to Stay (ECF No. 35). Plaintiff's Response did not

oppose the temporary stay requested by TikTok—or provide any reasons not to stay proceedings—during the established conditional transfer process before the JPML. To the contrary, Plaintiff (1) conceded that "the Panel will ultimately determine whether this action will be transferred to the Northern District of California as a tag-along action in MDL No. 3047"; (2) acknowledged the upcoming briefing schedule for CTOs, including this case; and (3) acknowledged that she will have the opportunity to thoroughly explain any opposition. ECF No. 35 at 3. Accordingly, this Court can grant the unopposed request to stay pending completion of the CTO process (ECF No. 32).

The only question is whether Plaintiff should be permitted to carve an exception to rush an "amendment" of alleged "dicta," notwithstanding Plaintiff's implicit acknowledgment that proceedings should be stayed during the pendency of the JPML's process. Just one day before Plaintiff's deadline to file her notice of opposition to the CTO-1—and nearly three months after TikTok moved to dismiss Plaintiff's Complaint (ECF No. 12)—Plaintiff, for the first time, sought leave of this Court to amend her Complaint to "clarif[y] that Plaintiff's claims and liability theories are not premised upon addiction." ECF No. 33-1 ("Mot.") at 1 (emphasis deleted). And in her Response not opposing TikTok's Motion to Stay, Plaintiff claims that amendment "should not [be] "preclude[d]" by the requested stay, but offers no justification for why amendment is required *now*; why it should interfere

with an established process the JPML *already* in motion to adjudicate the inclusion of matters like this one; or why any prejudice would inure if the "dicta" were revisited *after* this JPML process.  ECF No. 35 at 3.  This suspicious timing, alone, counsels against a rushed amendment and in favor of waiting until resolution of the pending CTOs as a procedural matter.

As a substantive matter, Plaintiff's proposed amendments attempt to delete a series of allegations from the original complaint, including the opening paragraph, and substantive paragraphs under each of Plaintiff's first four causes of action (Count I: Strict Products Liability; Count II: Negligence; Count III: Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; and Count IV: Violation of the California Consumer Legal Remedies Act).  But Plaintiff does not delete all of the addiction-related allegations, and Plaintiff leaves in numerous other allegations that also overlap with common fact questions identified for the pending MDL.  *Compare* Mot. *with* Transfer Order at 2.

## **ARGUMENT**

### I.  The Court Should Stay Proceedings Until the JPML Resolves the Issue of Transfer.

This Court should stay this case to allow the Panel to consider whether this case fits within the scope of the MDL.  As detailed in TikTok's pending Motion to Stay, each of the factors considered in determining whether to enter a stay—"(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the

duration of the requested stay"—weigh in favor of a stay here. *See* ECF No. 32-1 at 6-10 (quoting *Cirulli v. Bausch & Lomb, Inc.*, No. CIV.A 08-4579, 2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009)). Plaintiff did not oppose a stay, and indeed, her Response fully acknowledged the CTO process and the jurisdiction of the JPML to "ultimately determine whether this action will be transferred to the Northern District of California as a tag-along action in MDL No. 3047." ECF No. 35 at 3.

Since TikTok's Motion to Stay was filed, the JPML has entered a Conditional Transfer Order to transfer this case. Plaintiff just filed a notice of opposition and will file her motion in opposition to the CTO by November 1. *See* ECF No. 35 at 3. TikTok will file a response, and then the JPML itself will decide whether this case will be transferred to the MDL. Rather than spend judicial resources to consider Plaintiff's Motion for Leave to Amend the Complaint now, this Court should simply stay all proceedings in this case until the JPML's decision.

A stay is particularly appropriate since the JPML is likely to include this case in the MDL. The CTO covers 44 other cases, including at least two other cases with allegations regarding minors who allege harm after watching specific videos, not unlike Plaintiff. *See* Ex. B (listing *Johnson v. Meta Platforms, Inc.*, No. 1:22-cv-01260 (C.D. Ill. filed Aug. 2, 2022) and *Youngers v. TikTok*, 1:22-cv-00706 (D.N.M. filed Sept. 23, 2022)). Indeed, one of those other cases involves allegations of a wrongful death after viewing a "Blackout Challenge" on TikTok—the very

6

allegations Plaintiff asserts here—and another case implicates a related video allegedly seen on YouTube.  Those plaintiffs did not oppose the CTO and those cases automatically will be transferred to the MDL.  *See* Panel Rule 7.1(b), (d). None of Plaintiff's proposed amendments change the clear overlap with these other suits which are certain to be transferred to the MDL.

Amendment should not precede a stay, or be permitted to interfere with the JPML process, for other reasons.  While Plaintiff has focused her edits on certain allegations of "addiction," the proposed amended complaint retains other allegations clearly related to addiction and maximizing engagement by minors.  *See, e.g.*, ECF No. 33-2, Am. Compl. ¶¶ 90(i), 108(w) (alleging app "intended to manipulate and/or encourage maximum engagement and/or participation by users" in the product liability causes of action), 63 ("Prompted by a never-ending stream of notifications from the TikTok app that were pushed to the forefront of Nylah's attention every day, Nylah began attempting to [sic] TikTok challenges.").

Moreover, the Panel's description of "share[d] questions of fact" from the existing cases in the MDL overlaps in several other ways with Plaintiff's allegations. The Transfer Order expressly includes "fail[iure] to verify users' ages, encourag[ing] adolescents to bypass parental controls, [and] inadequately safeguard[ing] against harmful content and/or intentionally amplify harmful and exploitive content[,]" as well as design defect and failure to warn claims premised

on "maximiz[ing] user screen time" and failing to warn the public that "the[]

platforms were harmful to minors."  Ex. A at 2.  Both Plaintiff's Complaint and the

proposed amended complaint are *overrun* with factual allegations that meet these

descriptions.  By way of example only:

| MDL Common Factual Allegations | Allegations in Complaint | Allegations in Proposed Amended Complaint |
|---|---|---|
| Allegation that platforms "inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content" (Transfer Order, p. 2) | Allegations concerning lack of necessary safeguards to prevent "circulation of dangerous and deadly videos" (Compl. ¶¶ 107(d), (e), (p), 127(u), (v), (ff), (gg)) | Allegations concerning lack of necessary safeguards to prevent "circulation of dangerous and deadly videos" (Am. Compl. ¶¶ 90(d), (e), (o), 108(r), (s), (bb), (cc)) |
| Allegation of lack of "parental controls" (Transfer Order, p. 2) | Allegation of lack of "adequate parental control features" (Compl. ¶ 107(c)) | Allegation of lack of "adequate parental control features" (Am. Compl. ¶ 90(c)) |
| Allegation of defective design "to maximize user screen time" (Transfer Order, p. 2) | Allegation concerning maximizing user engagement (Compl. ¶¶ 5, 60, 107(j), 127(aa), 142(j), 165(j)) | Allegation concerning maximizing user engagement (Am. Compl. ¶¶ 90(i), 108(w)) |

| MDL Common Factual Allegations | Allegations in Complaint | Allegations in Proposed Amended Complaint |
|---|---|---|
| Allegation of failure to warn "that their platforms were harmful to minors" (Transfer Order, p. 2) | Allegations concerning lack of adequate warnings for minors (Compl. ¶¶ 107(b), (i)) | Allegations concerning lack of adequate warnings for minors (Am. Compl. ¶¶ 90(b), (h)) |

Moreover, Plaintiff's own description of her case—"Plaintiff's case is, and always has been, about how Defendants' defectively designed product functioned to send the dangerous video directly to Nylah" (ECF No. 33-1 at 1)—falls squarely in line with the MDL cases alleging "inadequate[] safeguard[ing] against harmful content and/or intentional[] ampli[fication] of harmful and exploitive content" (*see* Ex. A, Transfer Order at 2).

There is no prejudice to staying proceedings and denying amendment at this unusual juncture.  Indeed, Plaintiff concedes that she will have the opportunity to distance herself from "dicta" to the JPML itself, and amendment can be revisited in the unlikely event this case is not transferred.  But allowing a rushed amendment now will only result in further motions practice, which is inefficient and increases the potential for inconsistent rulings between this Court and the MDL court, and it is an enormous waste of both judicial and party resources.  Notably, Plaintiff had opportunity to amend her Complaint earlier in the proceedings—*e.g.*, within 21 days of TikTok's Motion to Dismiss as a matter of right; after the close of the Motion to

Dismiss briefing; after the initial filing of the MDL petition identifying common issues; or any time prior to the establishment of the CTO process. But Plaintiff made a strategic decision to plead and keep broad allegations for perceived advantage in this case, and should not be permitted to wait until *after* the formation of the MDL and the inclusion of this matter in the CTO process that is already underway to obtain amendment.

Accordingly, this case should be stayed to allow the Panel to exercise its authority to determine the scope of the pending MDL and the actions that will be transferred to it. *See* Panel Rule 7.1; *City of New Castle v. Purdue Pharma L.P.*, 2018 WL 3438841, at *3 (E.D. Pa. July 16, 2018) (granting stay pending resolution of a remand motion because "entering the stay is likely to promote judicial efficiency and consistency in decision making"). This is consistent with other cases subject to the Panel's CTO, which are also stayed pending ruling. *See, e.g.*, *Youngers v. Meta Platforms, Inc.*, NM/1:22-cv-00608 (D.N.M. filed Oct. 19, 2022) (case stayed pending CTO process). Staying this case also maintains the status quo, and appropriately leaves questions about amendment for the proper court once that transfer is resolved (*i.e.*, this Court if transfer is denied or the MDL court if transfer is ordered).

## II. If the Court Rules on the Merits of Plaintiff's Motion, It Should Be Denied at this Time.

If this Court nevertheless decides to reach the merits of whether to grant

Plaintiff's Motion for Leave to Amend the Complaint, it should deny the motion at this time. Leave to amend should be denied when it results from "bad faith or dilatory motive on the part of the [moving party]" and when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993) (affirming denial of leave to amend).

Each of these reasons justifies denial of leave to amend. Plaintiff does not seek to amend her complaint in response to arguments raised in a motion to dismiss or learned through discovery; she simply seeks to amend to attempt to circumvent the JPML process. That is bad faith. And these efforts are futile twice over. They do not address the myriad common factual questions between this suit and the others in the MDL, and they do nothing to address the arguments TikTok raised in its pending Motion to Dismiss.

## A. Plaintiff's Motion Was Submitted in Bad Faith and Should Be Denied.

"A finding of dilatory motive is justified where the plaintiff acts 'in an effort to prolong litigation.'" *Maiden Creek Associates, L.P. v. U.S. Dep't of Transportation*, 123 F. Supp. 3d 638, 653 (E.D. Pa. 2015) (citations omitted). And bad faith amendments include those that are abusive or made in order to secure some ulterior tactical advantage. *See* 6 Fed. Prac. & Proc. Supplemental Service § 1487 (2022 Supp.). Courts "focus on the plaintiffs' motives for not amending their complaint" sooner, when assessing the question of "bad faith." *Adams v. Gould,*

*Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

The timing and content of Plaintiff's proposed amendment reveals its true purpose—an end-run to the JPML's proceedings. *First,* Plaintiff attempts to downplay her dilatory conduct by insinuating there was an unspoken understanding regarding the scope of Plaintiff's complaint. This is based on a single mis-cited sentence from TikTok's Motion to Dismiss (Mot. at 4), but tellingly, Plaintiff omits key parts of that cited sentence: "<u>Even</u> generic reference to 'addiction' to various forms of 'social media' … <u>are still inextricably intertwined with content supplied by users</u>." ECF No. 12-1 at 14 (emphasis added). What this cherry-picked sentence explained was that *all* allegations in the original Complaint—*including* allegations of addition Plaintiff now seeks to excise—were "inextricably intertwined" with third-party content which requires dismissal of all claims under the Communications Decency Act. *See* ECF No. 12-1 at 16 n.8 (linking the numerous addiction allegations to the broader issue of third-party content, which permeates the entire complaint); *see also* ECF No. 21 at 1, 5-9. That was not a statement of what allegations should be *excluded*, then or now. Tellingly, Plaintiff never responded in the Motion to Dismiss briefing to "clarify" that the alleged "dicta in Plaintiff's Complaint was immaterial to the crux of her legal claims." Mot. at 4.

*Second,* Plaintiff attempts to link the timing of the Motion for Leave to Amend Complaint to Defendants' Motion to Stay filed on October 7, 2022. Plaintiff cites

to that filing, claiming it evidences "Defendants' new and contradictory position" that Plaintiff seeks to impose liability on the basis of addiction. Mot. at 4. But the Motion to Stay is not the first time Defendants pointed out overlap between this case and others being considered for the MDL. Defendants pointed to references to "addiction" in Plaintiff's Complaint–as well as other overlap with other cases alleging specific challenges or videos—at the hearing before the JPML on September 29, 2022, which Plaintiff's counsel attended and argued against inclusion. Plaintiff did not seek to amend her complaint following that hearing, but *waited* until after the JPML issued the Transfer Order and a CTO specifically referencing this action.

*Finally,* Plaintiff's claim that the proposed "amendments will have no impact whatsoever on the pending Motion to Dismiss" (Mot. at 4) is an implicit concession that Plaintiff's true motive is not to resolve an issue with her pleadings *in this action*. Rather, the proposed amendment *is directed at the MDL proceeding and is designed to avoid a transfer there*. The Court should reject Plaintiff's attempt to end-run the MDL proceeding and deny Plaintiff's Motion for Leave to Amend Complaint, which was filed in bad faith. *See Tri-County Concerned Citizens Ass'n v. Carr,* No. 98-CV-4184, 2000 WL 1824172, at *3 (E.D. Pa. Dec. 12, 2000) (denying motion for leave to amend complaint where court found plaintiffs' delay was the result of bad faith where plaintiffs "acted strategically with a dilatory motive").

**B. Plaintiff's Proposed Amendment Is Futile.**

"Denial of amendment to pleadings is proper if the attempted amendment would be futile." *See Clarke v. Mitchell*, No. 95-250, 1996 WL 11298, at *3 n.5 (E.D. Pa. Jan. 10, 1996) (citations omitted).  As noted above, Plaintiff's proposed amendment does not address the deficiencies that TikTok identified in its pending Motion to Dismiss.  To the contrary, the proposed amended complaint continues to seek to treat TikTok as the "publisher" of third-party content and suffers from the same fatal flaws as Plaintiff's original Complaint.  The Court should reject Plaintiff's Motion for Leave to Amend Complaint on this basis.  *See id.* at *3 n.5 ("In order to avoid engaging in a useless act, a court must measure a proposed amended complaint in terms of its ability to withstand a motion to dismiss." (quotation omitted)).

More broadly, Plaintiff's proposed amended complaint will not avoid the transfer of this action to the MDL proceedings.  As detailed above, merely extracting certain allegations with the word "addiction" from the Complaint does nothing to change the fact that Plaintiff's proposed amended complaint would still include allegations concerning other common questions of fact that overlap with MDL cases (e.g., "fail[iure] to verify users' ages, encourag[ing] adolescents to bypass parental controls, and inadequately safeguard[ing] against harmful content and/or intentionally amplify[ing] harmful and exploitive content[,]" and design defect and failure to warn claims premised on "maximiz[ing] user screen time" and failing to

warn the public that "the[] platforms were harmful to minors."  Ex. A at 2).  The only impact amendment would have is prejudice to TikTok and interference in the Panel addressing transfer.

## **CONCLUSION**

The Court should stay all proceedings pending the JPML's imminent decision on transfer and should decline to consider amendment at this time.

Dated: October 19, 2022          Respectfully submitted,

*/s/ Joseph E. O'Neil*_____
Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981
JONeil@CampbellTrialLawyers.com
kwang@campbell-trial-lawyers.com

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile:  (213) 443-4310
agiang@kslaw.com

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-2830
Facsimile: (404) 572-5100
gdrake@kslaw.com
tharris@kslaw.com

*Counsel for TikTok Inc. and ByteDance Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of October 2022, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

**CAMPBELL CONROY & O'NEIL, PC**

*/s/ Joseph E. O'Neil*
Joseph E. O'Neil
Katherine A. Wang