Exhibit A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION  MDL No. 3047

TRANSFER ORDER

**Before the Panel**:[*] Plaintiff in one action (*Murden*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or the Western District of Missouri, and also supports centralization in the Eastern District of Pennsylvania, the Southern District of Ohio, or the District of Utah. This litigation consists of 28 actions pending in 17 districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 56 related actions in 24 districts.[1]

Responding plaintiffs largely favor centralization, though their stance on whether to include claims against defendants other than Meta[2] varies. Most support including in an MDL all cases that name Meta defendants, but not cases that name only non-Meta defendants.[3] In addition to the transferee districts suggested or supported by movant, these plaintiffs variously suggest or support the Northern District of California or the District of Oregon. Plaintiff in one potentially-related action naming only TikTok (*Anderson*) opposes inclusion of her action in centralized proceedings.

The Meta defendants support centralization of all actions in the Eastern or Western District of Kentucky or, alternatively, in the Middle District of Florida or the Northern District of Georgia.

---

[*] Judges Nathaniel M. Gorton, David C. Norton, and Roger T. Benitez took no part in the decision of this matter.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram LLC, and Siculus, Inc.

[3] Snap, Inc. (Snap); TikTok, Inc. and ByteDance, Inc. (TikTok); and YouTube, LLC, Google LLC, and Alphabet Inc. (YouTube). Twenty-two actions and potential tag-along actions name one or more of these defendants, in addition to the Meta defendants. Four potential tag-along actions name one or more of these defendants, without naming Meta.

- 2 -

Snap, TikTok, and YouTube oppose inclusion of claims against them in centralized proceedings. Snap and TikTok alternatively support Meta's suggested transferee districts. At oral argument, counsel for TikTok added that, if the Panel chooses to include any actions naming TikTok in an MDL, then it should include all actions naming TikTok—even those not also naming Meta.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions present common factual questions arising from allegations that defendants' social media platforms are defective because they are designed to maximize user screen time, which can encourage addictive behavior in adolescents. Plaintiffs allege defendants were aware, but failed to warn the public, that their platforms were harmful to minors.

All parties agree that the claims involving Meta share questions of fact, including whether Meta's platforms (Facebook and Instagram) encourage addictive behavior, fail to verify users' ages, encourage adolescents to bypass parental controls, and inadequately safeguard against harmful content and/or intentionally amplify harmful and exploitive content. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to motions to dismiss and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization of the actions naming them, defendants TikTok, Snap, and YouTube argue that: (1) defendants' various social media platforms operate—and plaintiffs interacted with them—in different ways and, therefore, individual factual issues will predominate; (2) including direct competitor defendants in the MDL will complicate proceedings; and (3) voluntary coordination of the small number of claims against them is feasible and preferrable to participating in what they anticipate will be burdensome pretrial proceedings. We do not find these arguments persuasive.

That individualized factual issues may arise in each action does not—especially at this early stage of litigation—negate the efficiencies to be gained by centralization. The transferee judge can address unique issues using separate discovery tracks for each defendant or platform and employ separate motion tracks, to the extent necessary. The Panel has centralized product liability cases involving similar products made by different manufacturers where there will be overarching issues of general causation. *See, e.g., In re Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015). In addition to persuasively arguing that causation issues will overlap, the Meta defendants point out that all defendants likely will assert the same defenses. Centralization of all actions, therefore, will allow for efficient coordination of briefing and rulings on motions to dismiss, as well as *Daubert* motions.[4]

---

4     For this reason in particular, we are inclined to believe that the MDL should include the potentially related actions alleging that defendants' social media platforms encourage addiction in

- 3 -

Opposing defendants also argue that the measures required to protect competing defendants' trade secret and confidential information will complicate centralized proceedings. But more than one-quarter of the pending actions involve multiple defendants already. Consequently, protecting defendants' trade secrets and confidential information will be at issue regardless of whether these cases are included in the MDL. In fact, centralization will allow a single judge to streamline protective orders and other protocols.

Finally, we disagree that the parties can effectively informally coordinate the more than twenty actions that name multiple defendants. Allowing those actions to proceed separately in various courts would hinder the transferee court's efforts to conduct a single, efficient, coordinated proceeding, particularly given that each of the multi-defendant actions on the motion also name the common Meta defendants. Furthermore, as the Panel frequently holds, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole, even if it might inconvenience some parties to that action. *See, e.g., In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Opposing defendants alternatively request the Panel separate and remand the claims against them to their transferor courts. We decline to do so, as plaintiffs allege common indivisible injuries from multiple products, and severance and remand would complicate the litigation by multiplying each plaintiff's claims across different courts.

We find the Northern District of California to be an appropriate transferee district for this litigation. Several defendants are headquartered in or near this district, and centralization will facilitate coordination with the state court cases pending in California. We will assign this complex litigation to Judge Yvonne Gonzalez Rogers—an experienced transferee judge who presides over a pending action. We are confident she will steer this matter on a prudent course.

---

adolescents—even if they do not name the Meta defendants. Additionally, at oral argument, Meta argued that many, if not most, of the adolescents named in the litigation engaged in simultaneous and overlapping use of multiple platforms, and some plaintiffs may add defendants as they develop the facts of their case. According to Meta, this occurred in the Northern District of California *Rodriguez* action, which initially named just Meta and Snap, but was later amended to include TikTok. The potential for each case to later involve additional platforms and defendants weighs in favor of including the non-Meta cases in the MDL. The Panel has been notified of at least four actions that have as defendants Snap, YouTube, and/or TikTok, but not Meta. Among these is the *Anderson* case, in which plaintiff opposes inclusion in the MDL. Arguments concerning the inclusion of these non-Meta cases will be considered in due course through the conditional transfer order process, as these actions are not now before the Panel. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly      Dale A. Kimball
Madeline Cox Arleo

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY
PRODUCTS LIABILITY LITIGATION                                MDL No. 3047

## SCHEDULE A

    <u>Southern District of Alabama</u>

ELY v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00268

    <u>Northern District of California</u>

RODRIGUEZ v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00401
HEFFNER v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−03849
ARANDA, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04209
MARTIN, ET AL. v. META PLATFORMS, INC., C.A. No. 3:22−04286
SPENCE, ET AL. v. META PLATFORMS, INC., F/K/A FACEBOOK, INC.,
    C.A. No. 4:22−03294
SEEKFORD v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−03883
ROBERTS, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−04210
N, ET AL. v. META PLATFORMS, INC., C.A. No. 4:22−04283

    <u>District of Colorado</u>

HARRIS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01420
TESCH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01795
CAHOONE v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−01848

    <u>District of Delaware</u>

GUERRERO v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00750

    <u>Southern District of Florida</u>

CHARLES v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−21721

    <u>Northern District of Georgia</u>

WADDELL v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00112

    <u>Northern District of Illinois</u>

ROTH v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02968
WILLIAMS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03470
ISAACS v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−03883

-A2

    <u>Southern District of Illinois</u>

MURDEN v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01511

    <u>Eastern District of Kentucky</u>

WHITE v. META PLATFORMS, INC., ET AL., C.A. No. 5:22−00189

    <u>Western District of Kentucky</u>

CRAIG v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00087

    <u>Western District of Louisiana</u>

GILL, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−02173

    <u>Western District of Missouri</u>

ESTEVANOTT v. META PLATFORMS, INC., ET AL., C.A. No. 6:22−03149

    <u>District of Oregon</u>

DOFFING v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00100

    <u>Middle District of Tennessee</u>

TANTON v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−00411

    <u>Northern District of Texas</u>

CARTER, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 3:22−01343

    <u>Southern District of Texas</u>

CAMACHO v. META PLATFORMS, INC., ET AL., C.A. No. 4:22−01815

    <u>Eastern District of Wisconsin</u>

DAWLEY v. META PLATFORMS, INC., ET AL., C.A. No. 2:22−00444

Exhibit B

## UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY PRODUCTS
LIABILITY LITIGATION     MDL No. 3047

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –1)**

On October 6, 2022, the Panel transferred 20 civil action(s) to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* _F.Supp.3d_ (J.P.M.L. 2022). Since that time, no additional action(s) have been transferred to the Northern District of California. With the consent of that court, all such actions have been assigned to the Honorable Yvonne Gonzalez Rogers.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of California and assigned to Judge Rogers.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of October 6, 2022, and, with the consent of that court, assigned to the Honorable Yvonne Gonzalez Rogers.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

IN RE: SOCIAL MEDIA ADOLESCENT
ADDICTION/PERSONAL INJURY PRODUCTS
LIABILITY LITIGATION                                              MDL No. 3047


SCHEDULE CTO−1 − TAG−ALONG ACTIONS


| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| ALABAMA MIDDLE | | | |
| ALM | 2 | 22−00575 | Stoudemire v. Meta Platforms, Inc. et al |
| ALM | 2 | 22−00576 | Stoudemire v. Meta Platforms, Inc. et al |
| ARIZONA | | | |
| AZ | 4 | 22−00400 | Rivera v. Meta Platforms Incorporated et al |
| FLORIDA MIDDLE | | | |
| FLM | 5 | 22−00380 | Shawntavia Jamerson v. Meta Platforms, Inc. et al |
| FLM | 5 | 22−00391 | Alexander Salmons v. Meta Platforms, Inc. et al |
| FLM | 8 | 22−01759 | Mitchell v. Meta Platforms, Inc. et al |
| FLM | 8 | 22−01877 | Downing v. Meta Platforms, Inc. et al |
| GEORGIA NORTHERN | | | |
| GAN | 1 | 22−03886 | Woods v. Meta Platforms, Inc. et al |
| GEORGIA SOUTHERN | | | |
| GAS | 4 | 22−00215 | Cerone v. Meta Platforms, Inc. et al |
| ILLINOIS CENTRAL | | | |
| ILC | 1 | 22−01260 | Johnson et al v. Meta Platforms, Inc. et al |
| ILC | 3 | 22−03194 | Smith et al v. Meta Platforms Inc et al |
| ILC | 4 | 22−04136 | Casteel v. Meta Platforms Inc et al |
| ILLINOIS NORTHERN | | | |
| ILN | 1 | 22−04638 | Leon v. Meta Platforms Inc et al |
| ILN | 1 | 22−04645 | Walsh v. Meta Platforms Inc et al |
| ILN | 1 | 22−04650 | Lee v. Meta Platforms Inc et al |
| ILN | 1 | 22−04651 | Lane v. Meta Platforms Inc et al |
| ILN | 1 | 22−04652 | Haywood v. Meta Platforms Inc et al |
| ILN | 1 | 22−04654 | Huff−Young v. Meta Platforms Inc et al |
| ILN | 1 | 22−04655 | Brown v. Meta Platforms, Inc. et al |
| ILN | 1 | 22−04657 | Quinones v. Meta Platforms, Inc. et al |

| | | | |
|---|---|---|---|
| ILN | 1 | 22–04658 | Wynne v. Meta Platforms, Inc. et al |
| ILN | 1 | 22–04659 | Kimber v. Meta Platforms, Inc. et al |
| ILN | 1 | 22–04674 | Kimber v. Meta Platforms Inc et al |
| ILN | 1 | 22–05230 | Rodriguez v. Meta Platforms Inc et al |
| ILN | 3 | 22–50307 | Odems v. Meta Platforms Inc et al |

**ILLINOIS SOUTHERN**

| | | | |
|---|---|---|---|
| ILS | 3 | 22–02094 | Aaliyah Robinson v. Meta Platforms, Inc. et al |
| ILS | 3 | 22–02170 | Cameron Leonard v. Meta Platforms, Inc. et al |

**INDIANA SOUTHERN**

| | | | |
|---|---|---|---|
| INS | 3 | 22–00141 | CANCHE v. META PLATFORMS, INC. et al |

**MARYLAND**

| | | | |
|---|---|---|---|
| MD | 1 | 22–01873 | Dorsey v. Meta Platforms, Inc. et al |

**MICHIGAN EASTERN**

| | | | |
|---|---|---|---|
| MIE | 2 | 22–12038 | Harrison v. Meta Platforms, Inc. et al |

**MISSOURI WESTERN**

| | | | |
|---|---|---|---|
| MOW | 4 | 22–00605 | T.S. v. Meta Platforms, Inc. et al |

**NEW JERSEY**

| | | | |
|---|---|---|---|
| NJ | 2 | 22–05309 | S.R. v. META PLATFORMS, INC. et al |

**NEW MEXICO**

| | | | |
|---|---|---|---|
| NM | 1 | 22–00608 | Youngers et al v. Meta Platforms, Inc. et al |
| NM | 1 | 22–00706 | Youngers, et al. v. TikTok Inc. et al |

**NEW YORK NORTHERN**

| | | | |
|---|---|---|---|
| NYN | 3 | 22–00859 | Reuscher v. Meta Platforms, Inc. et al |

**OHIO SOUTHERN**

| | | | |
|---|---|---|---|
| OHS | 2 | 22–03207 | Thacker v. Meta Platforms, Inc. et al |

**PENNSYLVANIA EASTERN**

| | | | |
|---|---|---|---|
| PAE | 2 | 22–01849 | ANDERSON v. TIKTOK, INC. |
| PAE | 2 | 22–03076 | CLEVENGER v. META PLATFORMS, INC. et al |
| PAE | 2 | 22–03830 | Ortiz v. META PLATFORMS, INC. et al |

**PENNSYLVANIA MIDDLE**

| | | | |
|---|---|---|---|
| PAM | 3 | 22–01286 | Wishkin v. Meta Platforms, Inc. et al |

**PENNSYLVANIA WESTERN**

| | | | |
|---|---|---|---|
| PAW | 2 | 22–01166 | DIENES v. META PLATFORMS, INC. et al |

TENNESSEE WESTERN

| TNW | 2 | 22–02654 | Newberry v. Meta Platforms et al |

UTAH

| UT | 2 | 22–00556 | Westwood et al v. Meta Platforms et al |

VERMONT

| VT | 2 | 22–00171 | Turgeon v. Meta Platforms, Inc. et al |

VIRGINIA EASTERN

| VAE | 1 | 22–01079 | Jennifer Koutsouftikis, individually and as parent and next friend to minor Plaintiff E.K., v. Meta Platforms Inc., et al |