# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor,<br><br>*Plaintiff*,<br><br>vs.<br><br>TIKTOK INC. AND BYTEDANCE, INC.,<br><br>*Defendants*. | Case No.: 2:22-cv-01849-PD |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING TRANSFER TO MDL NO. 3047

Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

*Counsel for TikTok Inc. and ByteDance Inc.*

October 19, 2022

Plaintiff's "Response" to Defendants' Motion to Stay does not appear to object to a stay or provide any reasons not to stay these proceedings pending resolution of the conditional transfer process before the Judicial Panel on Multidistrict Litigation. ECF No. 35 at 3 ("Response"). Indeed, Plaintiff's "Response"—which is not styled as an opposition—fully acknowledged the CTO process and the jurisdiction of the JPML to "ultimately determine whether this action will be transferred to the Northern District of California as a tag-along action in MDL No. 3047." *Id.*

Plaintiff's only argument in response is that the requested stay "should not preclude this Court from ruling on Plaintiff's Motion for Leave to Amend Complaint." *Id.* However, there is no basis to carve out Plaintiff's requested amendment from a stay that both parties seemingly agree is appropriate.[1] A stay under these circumstances is common. *See* ECF No. 32-1 ("Mot.") at 10 (citing cases granting a stay pending MDL transfer decision).

Moreover, since TikTok's Motion to Stay was filed, the factors weighing in favor of a stay (*i.e.*, "(1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay") have only grown. *See* ECF Mot. at 6-10 (quoting *Cirulli v. Bausch & Lomb, Inc.*, No. CIV.A 08-4579,

---

[1] TikTok has concurrently filed its Opposition to Plaintiff's Leave to Amend, which sets forth in greater detail why this case should be stayed and the decision on amendment should be reserved until after the issue of transfer is decided.

2009 WL 545572, at *2 (E.D. Pa. Mar. 4, 2009) and discussing the factors weighing in favor of a stay here). The JPML has already entered a Conditional Transfer Order to transfer this case and entered a briefing schedule to hear Plaintiff's opposition that will conclude by November 30. Then, the JPML itself will decide whether this case will be transferred to the MDL. Given the already set timeline for consideration of the transfer issue, the duration of the requested stay is discrete and finite—weighing in favor of a stay.

A stay will also promote judicial economy because the JPML is likely to include this case in the MDL—regardless of whether Plaintiff amends her complaint. The JPML has entered a Conditional Transfer Order covering 44 other cases, including at least two other cases with allegations regarding minors who allege harm after watching specific videos not unlike Plaintiff. *See* Ex. A (listing *Johnson v. Meta Platforms, Inc.*, No. 1:22-cv-01260 (C.D. Ill. Aug. 2, 2022) and *Youngers v. TikTok*, 1:22-cv-00706 (D.N.M. filed Sept. 23, 2022)). One of those cases alleges a wrongful death after viewing a "Blackout challenge" on TikTok—the allegations Plaintiff asserts here. Those CTOs were unopposed, and those cases automatically will be transferred to the MDL. *See* Panel Rule 7.1(b), (d).

Because the Panel will soon address whether to transfer this case to an MDL and Plaintiff does not appear to oppose a stay, this Court should stay all proceedings pending resolution of the CTO.

3

Dated: October 19, 2022                                    Respectfully submitted,

/s/ *Joseph E. O'Neil*
Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, P.C.**
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981
JONeil@CampbellTrialLawyers.com
kwang@campbell-trial-lawyers.com

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile:  (213) 443-4310
agiang@kslaw.com

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)
**KING & SPALDING LLP**
King & Spalding LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-2830
Facsimile: (404) 572-5100
gdrake@kslaw.com
tharris@kslaw.com

*Counsel for TikTok Inc. and ByteDance Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2022, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

**CAMPBELL CONROY & O'NEIL, PC**

*/s/ Joseph E. O'Neil*
Joseph E. O'Neil
Katherine A. Wang