# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAWAINNA ANDERSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civ. No. 22-1849 |
| | : | |
| **TIKTOK, INC.,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff's Motion to Amend (Doc. No. 33) is **DENIED**. The Proposed First Amended Complaint adds no new allegation. Rather, "[t]he purpose of the amendment is to remove dicta that is inconsequential to Plaintiff's claims against Defendants . . . and to make clear that Plaintiff's claims against TikTok are not premised upon addiction." (Doc. No. 33, Motion, at 1.) This amendment is intended to frustrate Defendants' purported "effort to drag this case into a recently formed MDL." (Doc. No. 33-1, Memorandum, at 1.) The Proposed First Amended Complaint suffers from the same defects as the Original Complaint. As I have explained in today's Memorandum Opinion, Plaintiff's claims (even as amended) are barred by immunity conferred by Section 230 of the Communications Decency Act. 47 U.S.C. § 230. Accordingly, Plaintiff's Motion to Amend is denied on futility grounds. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____

Paul S. Diamond, J.