UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, INDIVIDUALLY AND AS ADMINISTRATIX OF THE ESTATE OF N.A., A DECEASED MINOR,<br><br>*Plaintiff*,<br><br>v.<br><br>TIKTOK, INC.; BYTEDANCE, INC..<br><br>*Defendants*. | Case No.: 2:22-cv-01849-PD |

## MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF PETITION FOR CERTIORARI

Defendants TikTok Inc. and ByteDance Inc. (collectively, "TikTok") respectfully ask this Court to stay proceedings until the deadline, inclusive of any extension the Supreme Court grants, for TikTok to file a petition for certiorari expires or, if a petition for certiorari is filed, until the Supreme Court resolves the case.

The bases for TikTok's Motion are set forth in detail in the attached Memorandum of Law, which TikTok incorporates here by reference.

| | |
|---|---|
| Dated: November 18, 2024 | Respectfully submitted, |
| GEOFFREY M. DRAKE (*Pro Hac Vice*)<br>TACARA D. HARRIS (*Pro Hac Vice*)<br>KING & SPALDING LLP<br>1180 Peachtree Street NE, Suite 1600<br>Atlanta, GA 30309<br>Telephone: (404) 572-2830<br>Facsimile: (404) 572-5100<br>gdrake@kslaw.com<br>tharris@kslaw.com | s/ Joseph E. O'Neil<br>JOSEPH O'NEIL<br>KATHERINE A. WANG<br>CAMPBELL CONROY & O'NEIL, P.C.<br>1205 Westlakes Drive, Suite 330<br>Berwyn, PA 19312<br>Telephone: (610) 964-1900<br>Facsimile: (610) 964-1981<br>JONeil@CampbellTrialLawyers.com<br>kwang@campbell-trial-lawyers.com |
| ALBERT GIANG (*Pro Hac Vice*)<br>KING & SPALDING LLP<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Telephone: (213) 443-4355<br>Facsimile: (213) 443-4310<br>agiang@kslaw.com | |
| PAUL D. CLEMENT (*PHV application pending*)<br>ERIN E. MURPHY (*PHV application pending*)<br>JAMES Y. XI (*PHV application pending*)<br>CLEMENT & MURPHY, PLLC<br>706 Duke Street<br>Alexandria, VA 22314<br>Telephone: (202) 742-8900<br>paul.clement@clementmurphy.com<br>erin.murphy@clementmurphy.com<br>james.xi@clementmurphy.com | |
| | *Counsel for Defendants* |

2

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAWAINNA ANDERSON, INDIVIDUALLY AND AS ADMINISTRATIX OF THE ESTATE OF N.A., A DECEASED MINOR,<br><br>*Plaintiff*,<br><br>v.<br><br>TIKTOK, INC.; BYTEDANCE, INC..<br><br>*Defendants*. | Case No.: 2:22-cv-01849-PD |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING DISPOSITION OF PETITION FOR CERTIORARI

1. Defendants TikTok Inc. and ByteDance Inc. (collectively, "TikTok") respectfully ask the Court to stay proceedings in this case to permit TikTok to determine whether to file a petition for a writ of certiorari in the United States Supreme Court and to prepare a petition in the event it decides to move forward. The Court should stay proceedings until the deadline, inclusive of any extension the Supreme Court grants, for TikTok to file a petition for certiorari expires or, if a petition for certiorari is filed, until the Supreme Court resolves the case.[1] Plaintiff Tawainna Anderson has noted that she will oppose this request.

---

[1] TikTok's deadline for filing a petition for certiorari is currently January 21, 2025. The Supreme Court may extend that deadline by 60 days, until March 22, 2025. *See* Sup. Ct. R. 13.

2. The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To decide whether to grant a stay, courts in this district consider "(1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay." *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, at *7 (E.D. Pa. July 16, 2004); *see also United States v. Pil Hyun Yu*, 2012 WL 933768, at *2 (E.D. Pa. Mar. 20, 2012); *Cliffstar Corp. v. Ajinomoto Co.*, 2010 WL 11710671, at *1 (E.D. Pa. Nov. 10, 2010). All three factors weigh in favor of a stay here.

3. First, a stay will simplify the legal issues and promote judicial economy. Courts frequently "hold [a] lawsuit in abeyance to abide the outcome of another [court] which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). That approach makes sense here. In the event that TikTok decides to file a petition for certiorari, there is a good chance that the Supreme Court will grant it, as the Supreme Court granted certiorari to consider the same issue two terms ago. In *Gonzalez v. Google, LLC*, 598 U.S. 617 (2023), the Court granted certiorari to consider whether 47 U.S.C. §230(c)(1) bars lawsuits that seek to hold websites liable "when they make targeted recommendations of information provided by another

information content provider." *See* Pet. for Cert. i, *Gonzalez v. Google LLC*, No. 21-1333 (U.S. filed Apr. 4, 2022). Although the Supreme Court resolved *Gonzalez* on other grounds, *see* 598 U.S. at 622, that the Court granted certiorari in that case is a strong indication that it would do the same here.

In fact, this case is an even more obvious candidate for certiorari. The Court granted review in *Gonzalez* even though there was no circuit split at the time. The Third Circuit's decision in this case, however, opens up a massive circuit split. The court concluded that §230 does not bar lawsuits that seek to hold websites liable for the "editorial judgments" they make "when they curate compilations of others' content via their expressive algorithms"—including decisions "on the third-party speech that will be included in or excluded from a compilation," and choices about how to "organize[] and present[] the included items." CA3.Op.9-10. Every other court of appeals to have considered the issue has held that §230(c)(1) bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions." *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997).[2]

---

[2] *Accord Monsarrat v. Newman*, 28 F.4th 314, 319 (1st Cir. 2022) (holding that §230 barred claim for "reposting … libelous information" authored by a third party); *Force v. Facebook*, 934 F.3d 53, 65 (2d Cir. 2019) (holding that §230 barred claim for "us[ing] algorithms to suggest content to users"); *Doe v. MySpace*, 528 F.3d 413, 420 (5th Cir. 2008) (holding that §230 barred claim for "decisions relating to the monitoring, screening, and deletion of content"); *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398, 407 (6th Cir. 2014) (holding that §230 barred claim for website's "exercise of a publisher's traditional editorial functions"); *Johnson v. Arden*, 614 F.3d 785, 791-92 (8th Cir. 2010) (holding that §230 barred claim for

3

And several courts of appeals have specifically held that §230(c)(1) bars lawsuits that seek to hold websites liable for using algorithms to help them decide which third-party content to recommend to users. *See Force v. Facebook*, 934 F.3d 53, 65 (2d Cir. 2019) (holding that §230 barred a lawsuit seeking to hold Facebook liable for "us[ing] algorithms to suggest content to users," including by using "algorithms" on its "newsfeed" to "predict and show the third-party content that is most likely to interest and engage users"); *Dyroff v. Ultimate Software Grp.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (holding that §230 barred a lawsuit seeking to hold a website liable for "us[ing] features and functions, including algorithms, to analyze user posts … and recommend[] other user groups"). Indeed, even the Third Circuit admitted that its decision "may depart" from the "views of other circuits." CA3.Op.11-12 n.13 (listing decisions from the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, and D.C. Circuits). The Supreme Court is therefore likely to grant certiorari in the event that TikTok decides to seek it.

---

website's "exercise of a publisher's traditional editorial functions"); *Dyroff v. Ultimate Software Grp.*, 934 F.3d 1093, 1098 (9th Cir. 2019) (holding that §230 barred claim for decision to "publish[] information created or developed by third parties," including by using "algorithms" to "recommend" certain posts); *Ben Ezra, Weinstein, & Co. v. Am. Online*, 206 F.3d 980, 986 (10th Cir. 2000) (explaining that "Congress clearly enacted §230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions"); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) (holding that §230 barred claim for "decision whether to print or retract a given piece of content").

There is also a fair prospect that the Supreme Court will reverse. When "courts on the other side of the split" have offered a "considered analysis" of the issue, "there is a fair prospect that" the Supreme Court "will reverse." *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers). That is just the case here. At least nine other federal courts of appeals have issued reasoned decisions explaining why §230(c)(1) bars "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content." *Zeran*, 129 F.3d at 330. And both the Second and Ninth Circuits have issued lengthy decisions explaining why §230(c)(1) bars lawsuits that seek to hold websites liable for using "algorithms that predict and show the third-party content that is most likely to interest and engage users." *Force*, 934 F.3d at 65; *Dyroff*, 934 F.3d at 1098-99.

It therefore makes little sense to proceed with this case until TikTok decides whether to seek Supreme Court review and the Supreme Court decides whether to accept a petition if filed. A "stay is likely to simplify the issues at hand and promote judicial economy by allowing the Court and the parties to await the Supreme Court's guidance before proceedings further." *Doe v. Parx Casino*, 2019 WL 13268141, at *1 n.1 (E.D. Pa. May 10, 2019). A Supreme Court decision here could "ha[ve] the potential to dramatically alter the course of this action, and [thereby] obviate the need for further proceedings entirely." *Pa. State Troopers Ass'n v. Pawlowski*, 2011

5

WL 9114, at *1 (M.D. Pa. Jan. 3, 2011). And even if the Court were to affirm, that too would "provide this litigation with welcome certainty on a difficult question." *Id.* There is therefore little to be gained from proceeding to build a record under a decision that may be modified or discarded altogether. *Id.* ("[I]it is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may very well determine is not actionable in the course of these proceedings.").

      4. The balance of harms likewise weighs in favor of a stay. TikTok would suffer irreparable harm absent a stay because it could be forced to engage in costly and burdensome discovery only to have the Supreme Court later reverse and order this lawsuit dismissed. *See Doe*, 2019 WL 13268141, at *1 n.1; *Smithkline Beecham Corp.*, 2004 WL 1615307, at *8 (balance of harms weighs in favor of a stay where costly litigation and discovery would be avoided); *Miller v. Trans Union, LLC*, 2015 WL 13649106, at *2 (M.D. Pa. Aug. 3, 2015) (collecting cases concluding that the balance of harms favored a stay when it would prevent parties from being forced to expend significant resources on costly discovery that could ultimately be rendered null by a higher authority). On the other hand, a short stay will not harm Anderson. The case has not yet moved past the motion-to-dismiss stage, no discovery has occurred, and the parties are retaining all relevant documents and materials. *Cf. City of New Castle v. Purdue Pharma L.P.*, 2018 WL 3438841, at *3 & n.6 (E.D. Pa. July

16, 2018) (noting that any harm caused by a delay is minimal, particularly given no responsive pleading had been filed and discovery had not started).

     5. Third, the length of the requested stay will be short. If TikTok ultimately declines to file a petition for certiorari, the stay will be lifted in a few months. TikTok's petition is currently due on January 21, 2025, and that deadline cannot be extended past March 22, 2025. Sup. Ct. R. 13.1. If TikTok determines during that time that it will not seek certiorari, it will promptly inform this Court and ask it to vacate the stay. And if TikTok ultimately files a petition, the parties should know in a matter of months whether the Court will decide to take the case. If it does, the case should be resolved no later than June 2026. *See Doe*, 2019 WL 13268141, at *1 n.1 (staying a case in May 2019 pending the Supreme Court's resolution of a similar matter, which was expected no later than June 2020); *Miller*, 2015 WL 13649106, at *2 (entering a stay in August 2015 when a Supreme Court decision in a related matter was expected by the end of June 2016); *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 2018 WL 11412001, at *3 (S.D.W. Va. Apr. 30, 2018) (staying proceedings pending defendant's filing a petition for certiorari, which was not resolved until June 2019, *see* 588 U.S. 1 (2019)); *see also Smithkline Beecham Corp.*, 2004 WL 1615307 (staying proceedings while the plaintiff's petition for en banc review was pending and in anticipation of plaintiff's potentially seeking Supreme Court review if the Federal Circuit denied its petition).

6. For these reasons, all three factors favor granting a temporary stay. Accordingly, TikTok respectfully requests that the court stay proceedings until the deadline, inclusive of any extension the Supreme Court grants, for TikTok to file a petition for certiorari expires or, in the event that TikTok files a petition for certiorari, until the Supreme Court resolves the case.

Dated: November 18, 2024

Respectfully submitted,

GEOFFREY M. DRAKE (*Pro Hac Vice*)
TACARA D. HARRIS (*Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-2830
Facsimile: (404) 572-5100
gdrake@kslaw.com
tharris@kslaw.com

ALBERT GIANG (*Pro Hac Vice*)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310
agiang@kslaw.com

PAUL D. CLEMENT (*PHV application pending*)
ERIN E. MURPHY (*PHV application pending*)
JAMES Y. XI (*PHV application pending*)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
paul.clement@clementmurphy.com
erin.murphy@clementmurphy.com
james.xi@clementmurphy.com

s/ Joseph E. O'Neil
JOSEPH O'NEIL
KATHERINE A. WANG
CAMPBELL CONROY & O'NEIL, P.C.
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
Telephone: (610) 964-1900
Facsimile: (610) 964-1981
JONeil@CampbellTrialLawyers.com
kwang@campbell-trial-lawyers.com

*Counsel for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of November, 2024, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of filing to all CM/ECF participants.

*s/* Joseph E. O'Neil
JOSEPH E. O'NEIL
