## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TAWAINNA ANDERSON,**
**Individually and as Administratrix**
**of the ESTATE OF NYLAH**
**ANDERSON, a deceased minor**

       *Plaintiff,*

**v.**

**TIKTOK, INC. AND**
**BYTEDANCE, INC.**

       *Defendants*.

**No. 2:22-cv-01849-PD**

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE STAY OF PROCEEDINGS PENDING DISPOSITION OF PETITION FOR CERTIORARI

Defendants, TikTok Inc. and ByteDance Inc. (collectively, "TikTok") ask this Court to extend the stay of proceedings in this case because TikTok allegedly still has not decided whether it will file a petition for writ of certiorari in the Supreme Court of the United States.  The Third Circuit issued its opinion holding that TikTok is not immune from Plaintiff's claims under Section 230 of the Communications Decency Act on August 27, 2024—nearly five (5) months ago.  Despite the significant time, TikTok claims it is still on the fence about filing a petition for writ of certiorari and is seeking a stay to allegedly allow TikTok to continue to deliberate and prepare a petition for certiorari "if it plans to [file]."  *See* D.E. 53-1 at 1.

TikTok has not cited any case or authority holding that district court proceedings should be stayed to permit a party time to contemplate whether to file a petition for writ of certiorari. Of course, TikTok would have a stronger argument for continuing the stay in this case if TikTok committed to an intention to file the petition. TikTok's refusal to do so speaks volumes and demonstrates that TikTok has no intention of making this matter the Section 230 test case before the Supreme Court. TikTok should not be permitted to use the threat potentially filing a petition for writ of certiorari as a stall tactic that keeps this litigation frozen. Plaintiff has long waited for her day in court and her opportunity to conduct full discovery into this tragedy which resulted in the death of an innocent 10-year-old.

For these reasons, and those set forth in Plaintiff's opposition to TikTok's original Motion to Stay [*see* D.E. 50], which Plaintiff incorporates here by reference, this Court should decline to extend the stay.

Plaintiff further requests this Honorable Court hold a scheduling conference to discuss and set appropriate case management deadlines for the remainder of this litigation.

Dated: January 20, 2025

*/s/ Jeffrey P. Goodman*
Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI &**
**BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 496-8282
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jeffrey P. Goodman*